453 P.2d 995

The STATE of Arizona, Appellee,

v.

Richard L. HUNT, aka Wallace Lorne Bugely, Appellant.

No. 2 CA–CR 143.

Court of Appeals of Arizona.

April 21, 1969.

Rehearing Denied May 6, 1969.

Review Denied June 17, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Sp. Asst. Atty. Gen., Phoenix, for appellee.

S. Jeffrey Minker, Tucson, for appellant.

KRUCKER, Judge.

Appellant, Richard L. Hunt, aka Wallace Lorne Bugely, was informed against for the crime of grand theft under the provisions of A.R.S. § 13–661 and § 13–663, as amended. The information alleged a prior conviction. Defendant filed a waiver of right to jury trial and moved to be tried before the court, which motion was granted. The defendant was found guilty and

sentenced, under A.R.S. § 13–1649, to a term of not less than ten years nor more than twelve years, on the 9th day of October, 1967.

Defendant secured a Writ of Habeas Corpus from the Supreme Court of Arizona, No. 273–2, on April 11, 1968. The Supreme Court granted the Writ of Habeas Corpus because the crime alleged as a prior conviction did not conform to A.R.S. § 13–1649, which increased punishment for certain second convictions. The sentence was set aside, and the defendant was remanded to the Superior Court of Pima County for resentencing.

In accordance with the Supreme Court order, the defendant was resentenced on June 3, 1968, to a term of not less than eight nor more than ten years to date from October 9, 1967. Defendant appealed from the sentence.

On March 4, 1969, defendant applied to the Supreme Court of the State of Arizona for a Writ of Mandamus, or in the alternative, a Writ of Prohibition, against this court hearing the appeal on procedural grounds. As a result, a stay was granted by our Supreme Court, and on March 11, 1969, the Supreme Court denied the Petition for a Writ of Mandamus, or in the alternative, a Writ of Prohibition.

The only question raised in this appeal is whether it was error for the trial court to impose this sentence in view of medical opinions, in the form of letters from physicians in California, presented to the trial judge before sentencing. Appellant contends that the trial court abused its discretion in sentencing the defendant, who claims to be in need of treatment for alleged mental disorders. He claims that the punishment deprived defendant of privileges in violation of Art. IV § 2 and was cruel and unusual in violation of Amendments VIII and XIV of the United States Constitution, as well as violative of Art. II § 4 and § 15 of the Arizona Constitution, A.R.S., dealing with due process and the right to Habeas Corpus. We see no violation of the constitutional sections cited, nor do we find any·violation of A.R.S. § 13–1657, subsec. A, par. 1 cited by appellant which deals with the power of the court to suspend imposition of sentence.

Exhibits presented by the appellant from doctors in California indicate that in their opinion Mr. Hunt has schizophrenic tendencies and that long-term psychiatric treatment may be indicated. In Exhibit D there is the following statement:

"From my immediate experience with him, he impressed me as having psychiatric problems necessitating optimally a lengthy period of treatment and an opportunity for re-socialization within a well-structured hospital setting."

The trial judge had all of the facts before him, including the exhibits and an FBI report on the defendant, which indicates that he had been in difficulty with the law during his entire adult life. The report indicates he would not be acceptable as a patient at the Arizona State Hospital. The trial court has the duty to examine the criminal character and history of the accused to enable it to intelligently and judicially determine the proper sentence in each case. This the trial court did. State v. Sowards, 99 Ariz. 22, 406 P.2d 202, (1965).

Power of the Supreme Court to revise or reduce sentences should be used with great caution and exercised only when it clearly appears that the sentence is too severe. State v. Corrales, 95 Ariz. 401, 391 P.2d 563 (1964).

Under the circumstances of this case, we find no abuse of discretion on the part of the trial court and no violation of the defendant's constitutional rights. The length of the sentence was within statutory limitations without regard to the prior conviction. *See*, Hunt v. Eyman, 405 F.2d 384 (9th Cir. 1968).

Judgment affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.