498 P.2d 147

**STATE of Arizona, Appellee,**

v.

**Paul Kerry FISCHER, Appellant.**

**No. 2367.**

Supreme Court of Arizona,
In Division.

June 16, 1972.

**. 326**

Gary K. Nelson, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Phoenix, for appellee.

Howard A. Kashman, Pima County Public Defender by Albert G. Freeman, Jr., Deputy Public Defender, Tucson, for appellant.

· · HOLOHAN, Justice:

. Defendant, Paul Kerry Fischer, was charged with three counts of the unlawful sale of marijuana all in violation of A.R.S. § 36–1002.07 and one count of the unlawful possession of marijuana in violation of A. R.S. § 36–1002.05. On March 4, 1971 in the Superior Court of Pima County, defendant moved to withdraw his plea of not guilty to Count I of the information, the unlawful sale of marijuana and to enter a plea of guilty. The plea was accepted and upon motion of the county attorney the remaining two counts of unlawful sale and one count of unlawful possession of marijuana were dismissed. On March 25, 1971 the defendant was sentenced to serve not less than five nor more than six years in the Arizona State Prison. · .

. Counsel for defendant on appeal has reviewed the file and has submitted to this Court an. Anders brief pursuant to ;Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising only the issue of the excessiveness of the sentence imposed. We have reviewed the record as a whole and specifically this issue and find no error to have been committed .and therefore affirm the conviction. and sentence of the trial court.

■ First, in regard to the · plea of guilty, a reading of the transcript convinces us that the plea was voluntarily entered, that· defendant did so with full knowledge of the rights he waived and with full understanding of the nature of the charges and the consequences of that plea. The able trial judge made sure that the defendant understood that the penalty for the offense included a requirement that the defendant serve not less than: three years before he could be eligible· for. release on parole or any other basis. A.R.S. § 36–1002.07, subsec. A.

Defendant was accorded his full rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and received the benefit of a plea bargaining situation.

■ In regard to the excessiveness of the sentence, the power given this Court pursuant to A.R.S. § 13–1717 to revise and reduce sentences imposed by the trial court is one to be exercised with great caution. State v. Corrales, 95 Ariz. 401, 391 P.2d 563 (1964); State v. Fenton, 86 Ariz. 111, 341 P.2d 237 (1959), cert. denied 361 U.S. 877, 80 S.Ct. 142, 4 L.Ed.2d 115; State v. Guerrero, 58 Ariz. 421, 120 P.2d 798 (1942).

The legislature has vested in the trial court broad discretion in sentencing the defendant by setting minimum and maximum statutory periods. Since the trial court generally is better able to evaluate the defendant's crime in light of the particular facts of the case as well as the background circumstances relative to his moral character, we will not disturb that sentence unless there is a clear abuse of discretion. State v. Smith, 107 Ariz. 218, 484 P.2d 1049

(1971); State v. Carpenter, 105 Ariz. 504, 467 P.2d 749 (1970); State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970); State v. Linsner, 105 Ariz. 488, 467 P.2d 238 (1970); State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969).

█ The record is clear that the trial court considered all relevant matters, including the nature of the offense, the character and past conduct of the defendant, his background and his former association with drugs in order to arrive at a just and appropriate sentence. State v. Fenton, supra; State v. Castano, 89 Ariz. 231, 360 P.2d 479 (1961); State v. Buckmaster, 94 Ariz. 314, 383 P.2d 869 (1963).

The actions of the trial court in sentencing the defendant to prison were clearly within sound discretion and concern for public safety.

Affirmed.

CAMERON, V. C. J., and LOCKWOOD, J., concur.