505 P.2d 226

**The STATE of Arizona, Appellee,**

v.

**Richard Allen ROGERS, Appellant.**

No. 2471.

Supreme Court of Arizona,
In Banc.

Jan. 22, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Former Pima County Public Defender, Edward P. Bolding, Pima County Public Defender, by Peter D. Axelrod, Deputy Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

The defendant, Richard Allen Rogers, pleaded guilty to the crime of possession of dangerous drugs for sale. He was sentenced to not less than four nor more than seven years in prison. The only issue raised in his brief is whether the sentence was excessive.

The only things that appear in the record in his favor are the facts that he is only 20 years of age and that he is an indigent. He has had one year of college.

There is a strange contradiction between the record and the briefs. At the preliminary hearing, the officer who executed the search warrant testified that he found two or three hundred "small white tablets with a cross on the face of the tablets," encased in a number of plastic baggies. He also found, with the tablets, in the same dresser drawer, "a hypodermic syringe partially homemade, and a roach holder." In the "Statement of Facts" in defendant's brief in this court, he states that he pleaded guilty to "Unlawful Possession of Marijuana for Sale." We have never heard of marijuana in tablet form. The record shows a stipulation that the chemist's report be accepted without the chemist's presence, but the report is not in the record. All of the instruments and minute orders refer to a plea of guilty to possession of "dangerous drugs" for sale.

The judge, in sentencing defendant, pointed out to him that he had been previously convicted of aggravated assault, at which time the probation officer recommended no probation, but the judge gave the defendant probation anyway, and defendant was still on probation when he committed the crime in the instant case. The judge also pointed out that defendant was selling or attempting to sell the drugs to high school students. The judge also explained to the defendant that with good behavior he might "expect to get out of there on a three for one basis, so your time is not so long." In addition, we note

**56**

that at the time of sentencing he had already been in jail for five months, presumably because of inability to make bond, and this period was to count against the sentence.

Defendant's lawyer, in his brief before us, argues that leniency ought to be given because defendant "had not used drugs for approximately three months prior to his sentencing." This is not surprising, since he was in jail during that period. What is surprising is that the statement implies that he was on drugs for the first two months of his jail confinement.

We have recited the facts at some length to explain why we think that defendant's sentence was not excessive. Furthermore, we have repeatedly held that the trial judge has the best opportunity to study the defendant, and his discretion will not be disturbed, save in unusual circumstances, as long as it is within the statutory limits.

Judgment affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.