**180**

511 P.2d 193

**The STATE of Arizona, Appellee,**

v.

**Melvin DAVIS, Appellant.**

**No. 1 CA–CR 515.**

Court of Appeals of Arizona,
Division 1,
Department B.

June 28, 1973.

Gary Nelson, Atty. Gen., by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Richard Walraven, Prescott, for appellant; Melvin Davis, in pro. per.

EUBANK, Presiding Judge.

This is an appeal from a judgment of conviction and sentence imposed on appellant following his plea of guilty to a charge of bogus check in violation of ARS § 13–311. The guilty plea resulted from a plea bargain.

Appellant, an indigent, was represented by counsel at all proceedings in the trial court commencing with his arraignment. Counsel on appeal has advised this Court by motion to withdraw that after a diligent search of the entire record in this case, he has been unable to discover any reversible error upon which an appeal could be based. He has filed a brief raising three issues which he considers arguable and has furnished appellant with a copy of his brief and motion to withdraw, in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967). After the filing of counsel's brief, this Court entered an order granting appellant an additional period of time within which to file his own supplemental brief raising any additional points he might choose to bring to this Court's attention. This additional period has now expired and no supplemental brief has been filed by appellant.

This Court has read and considered the brief filed by appointed counsel and has examined the entire record of the proceedings and has determined that there was no fundamental error and that this appeal is wholly frivolous.

The only "arguable" issues raised by appellant's counsel are whether appellant's guilty plea was voluntarily, intelligently and knowingly given, whether a plea bargain is constitutional and whether the sentence imposed was unjust and harsh.

■ The record reveals an extremely thorough and complete examination of the defendant at the change of plea hearing held on June 22, 1972. Taken together with the transcript of the extensive preliminary hearing, the record demonstrates that the factual basis for the plea was clearly established and that the defendant was advised of the constitutional rights he was waiving by pleading guilty to the charge. In our opinion the record clearly demonstrates that the defendant's plea of guilty was voluntarily and intelligently given.

■ The second question, whether a plea bargain is constitutional, is answered affirmatively in Brady v. United States,

397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). *See also* L. Hall, Y. Kamisar, W. LaFave, J. Israel, Modern Criminal Procedure, pp. 924–100, Ch. 20 (3rd Ed. 1969), and ABA Minimum Standards for Criminal Justice: Pleas of Guilty, § 1.8, p. 36 (approved draft, 1968).

 Defendant finally contends that the sentence of two to three years in the state prison was unjust and unduly harsh. The record fully supports the sentence which is within the statutory limits and certainly within the discretion of the trial court. State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972).

Judgment affirmed.

JACOBSON, C. J., and HAIRE, J., concur.