529 P.2d 1183

**The STATE of Arizona, Appellee,**

v.

**Earl Paul SNYDER, Appellant.**

**No. 2971.**

Supreme Court of Arizona,
In Banc.

Jan. 6, 1975.

Rehearing Denied Feb. 4, 1975.

N. Warner Lee, Atty. Gen. by R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

STRUCKMEYER, Vice Chief Justice.

Defendant, Earl Paul Snyder, age 17, was arrested and after proceeding before the juvenile court was transferred for prosecution on the charge of first degree murder. Thereafter he entered a plea of guilty to second degree murder and was sentenced to not less than 35 nor more than 50 years in the state prison. The only question raised on this appeal is

whether the sentence imposed was excessive in the light of the defendant's youth.

■ The rule of law is well established that where, as here, a sentence is clearly within the statutory limits provided for the offense, a reviewing court will not disturb the sentence unless there is a clear abuse of discretion. State v. Rogers, 109 Ariz. 55, 505 P.2d 226 (1973); State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972). It is argued, however, that the sentence is an abuse of discretion because it fails to promote one of the four objectives sought in sentencing, namely the rehabilitation of the individual, and, further, that in this case retribution, deterrence and restraint do not support a sentence of this magnitude.

■ Defendant's past presents a short but clear picture of incorrigibility and recidivism. He was in January of 1971 twice arrested, once for auto theft and again for burglary and receiving stolen property. In August of 1972 he was arrested for possession of marijuana. In October of 1972 he was arrested for robbery and in June of 1973 for burglary; in October of 1973 for carrying a concealed weapon, and in November of 1973 for possession of barbiturates. The present offense, that of murder, was committed on November 26, 1973.

In the instant case, defendant entered a private residence for the purpose of burglary. He took a .22-caliber gun, which he put near the front door, and placed other things which he thought were valuable in a pillowcase. He also picked up a golf club which, he said, "I * * * thought I needed for protection." One of the occupants of the house, the victim of the homicide, awoke and called out from his bed words to the effect of "Hey, you" or "What are you doing?" Defendant then repeatedly struck the victim with the golf club. According to the coroner's report, it was estimated that the victim received at least ten blows on the head.

We think the foregoing is sufficient to demonstrate that the trial court did not abuse its discretion in imposing a maximum sentence. Wholly aside from the possibility that defendant can be rehabilitated, a point on which defendant's psychiatric evaluation is not encouraging, retribution for atrocities or continuous antisocial conduct is considered particularly appropriate.

The sentence is affirmed.

CAMERON, C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.