530 P.2d 363

**STATE of Arizona, Appellee,**

v.

**Amelia Rodriguez VILLA, Appellant.**

**No. 2978.**

Supreme Court of Arizona,
In Banc.
Jan. 10, 1975.

**372**

N. Warner Lee, Atty. Gen. by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Emery E. Varga, Yuma, for appellant.

HOLOHAN, Justice.

The defendant, Amelia Rodriguez Villa, was tried and convicted of the offense of importation of cocaine and possession of cocaine for sale. She was sentenced to imprisonment for not less than five nor more than six years on each count, the sentences to be served concurrently. A timely appeal was filed, and counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The single issue presented by counsel for the defendant is whether the sentence was excessive under the facts and circumstances of the case.

Counsel for the defendant points out that the defendant had no previous criminal record, was 28 years of age, the mother of two children, separated from her husband at the time of the offense, was merely an instrument used by the drug traffickers, and the experience had so affected her that she would never again take part in the traffic of drugs or any other offense. Under all the circumstances counsel argued that defendant should have been granted probation. He urges that, while the sentence is within the statutory limits, this Court should exercise the discretion granted under the statute, A.R.S. § 13–1717(B), and reduce the sentence imposed by the trial judge.

The discretion of the trial court in sentencing will not be disturbed, save in unusual circumstances, as long as it is within the statutory limits. State v. Rogers, 109 Ariz. 55, 505 P.2d 226 (1973). The power granted this Court under A.R. S. § 13–1717 is to be exercised with great caution. State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972). It is clear that the trial court considered all relevant factors before imposing the sentence in this case. The trial judge commented:

"The commercialized importation of cocaine and of heroin is a most grave offense, and the use of these hard drugs has wrecked many lives."

We find no abuse of discretion by the trial court in the sentence imposed.

In addition to discussing the issue raised by the defendant, counsel for the state has reviewed the record and discussed other possible points of error in the record. We have reviewed the record as required by A.R.S. § 13–1715 and State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and conclude, as did counsel for the state, that there is no reversible error in the record.

Judgment and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.