532 P.2d 526

**STATE of Arizona, Appellee,**

v.

**Albert Lowell DOMME, Appellant.**

**No. 2797.**

Supreme Court of Arizona,
In Division.

March 6, 1975.
Rehearing Denied April 8, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Lieberthal & Kashman by Howard A. Kashman, Tucson, for appellant.

HAYS, Justice.

The defendant was charged with first degree murder with an allegation of a prior conviction. He was found guilty by a jury of involuntary manslaughter. ARS § 13–456. The prior conviction of a felony, aggravated battery, was admitted. The trial judge sentenced Domme to a term of from twenty to thirty years in the Arizona State Prison. ARS § 13–457; § 13–1650. Domme now appeals.

■ The first issue presented concerned the absence of a written presentence report. Since the briefs were filed, such a report has been found and is before this court. It consists of biographical data and an FBI report. Transcripts of the trial indicate that both counsel knew of the FBI sheet, as did the court. Rules 26.4 and 26.-6, 1973 Rules of Criminal Procedure, 17 ARS, did not apply to this case. Although in State v. Pierce, 108 Ariz. 174, 494 P.2d 696 (1972), similar requirements were adopted, we find nothing in the presentence report of which defendant's counsel was unaware during the proceedings.

Failure to disclose the report does not under these circumstances require a remand.

■ The defendant next contends that the trial judge committed an error in not declaring a mistrial *sua sponte* when testimony was introduced linking Domme to a bag of pills. The testimony was sought to prove the complete story of the crime, but when it became clear that it was irrelevant, the judge ordered any such references stricken and admonished the jury to disregard that portion of the evidence. Any prejudice that might have resulted was minimal in light of the substantial evidence of the defendant's guilt and the appropriate admonition to the jury. State v. Thornburg, 111 Ariz. 254, 527 P.2d 762 (1974). The error is therefore harmless within the rule of Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). It was unnecessary for the court to declare a mistrial.

■ The defendant also raises as error the use of a prior felony conviction for impeachment purposes. Domme pled guilty in 1966 in New Mexico to a 1964 charge of aggravated battery. He was placed on probation, a condition of which was sixty days in jail, which was successfully completed. On cross-examination of Domme, the trial judge allowed the following:

"Q. In March of 1966, in New Mexico, you were convicted of a felony, is that correct?

"A. Yes."

(R.T. 545)

A witness' credibility may be impeached by a prior felony conviction. State v. King, 110 Ariz. 36, 514 P.2d 1032 (1973). In deciding whether a prior conviction can be utilized for impeachment purposes, the trial court takes into account many factors such as the remoteness of the conviction, the nature of the prior felony, the length of the former imprisonment, the age of the defendant, and his conduct since the prior offense. State v. King, *supra*. There are no set guidelines. Because of the many factors to be taken into consideration, the admissibility of prior convictions is left to

**466**

the sound discretion of the trial judge whose decision will not be overturned in the absence of an abuse of discretion. We find no evidence of such an abuse in this case.

 The defendant urges that the imposition of a 20- to 30-year sentence for involuntary manslaughter is excessive or cruel and unusual under the circumstances. We do not agree. There was no request for a mitigation hearing and the court obviously considered the prior felony conviction for assault in arriving at the sentence.

We said in State v. Masters, 108 Ariz. 189, 494 P.2d 1319 (1972):

"This court has consistently held that the trial court has wide discretion in the pronouncement of a sentence and that we will uphold a sentence if it is within the statutory limits, unless the sentence under the circumstances is so clearly excessive as to constitute an abuse of discretion [citations omitted]." 108 Ariz. at 191, 494 P.2d at 1321.

We find no abuse of discretion here. Despite the scholarly presentation in defendant's brief regarding the modern approach to sentencing, we are not constrained to change the precedent established by a long line of Arizona cases. Nor do we find the sentence to be cruel and unusual under the circumstances.

In his reply brief, defendant's counsel for the first time raises the fact that ARS § 31–411(A) was amended subsequent to the sentencing of defendant. At the time of sentencing, the trial judge stated that the defendant could be eligible for parole in less than seven years. This was true at that time because the statute provided that a prisoner was eligible to be considered for parole after serving one-third of the minimum sentence. In the meantime, the statute was amended to require service of one-third of the maximum sentence; in our case one-third of thirty rather than one-third of twenty.

Defendant contends that the case of State v. Rice, 110 Ariz. 210, 516 P.2d 1222 (1973), is controlling here and that therefore this case should be sent back for re-sentencing. We do not agree. The sentencing judge in Rice, *supra*, was mistaken in his interpretation of the law as it existed. The sentencing judge here stated the law as it was at the time of sentencing. The change came subsequently. As yet, we do not have in the record before us an indication of how the amended statute will be applied, nor do we have the benefit of the position of the State thereon. At the appropriate time, in an appropriate proceeding, this issue will be determined.

Judgment of conviction and sentence affirmed.

CAMERON, C. J., and HOLOHAN, J., concur.