533 P.2d 1151

**STATE of Arizona, Appellee,**

v.

**Charles WALDRIP, Appellant.**

**No. 2768.**

Supreme Court of Arizona,
In Banc.
April 10, 1975.

N. Warner Lee, Atty. Gen., by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Charles Waldrip appeals from an order of the superior court revoking probation and imposing a sentence of confinement.

Pursuant to a plea bargain in February, 1972, the appellant pled guilty to a charge of voluntary manslaughter in exchange for dismissal of an open charge of murder. The imposition of sentence was suspended for five years and the defendant placed on probation.

Less than eight months after being placed on probation, Waldrip was charged with operating a motor vehicle while under the influence of intoxicating liquor and driving with a suspended, revoked, or refused license, in violation of A.R.S. §§ 28–692, 28–692.02. By a plea bargain, he pled guilty and the county attorney dismissed a similar, pending charge and the allegation of the prior felony conviction for manslaughter. Waldrip appealed from the resulting three to five year sentence. The Court of Appeals affirmed the judgment and sentence (No. 1 CA–CR 606, Memorandum Decision, April 4, 1974) and this Court denied a Petition for Review (No. 2976–PR, June 11, 1974).

After a hearing, probation was revoked for the manslaughter offense. The appellant was ordered confined to a term of five years to life at Arizona State Prison, the sentence to run concurrently with the sentence given in the motor vehicle case. A timely appeal was filed.

The issues raised by appellant basically attack 1) the voluntariness of the plea to the driving charge and 2) the sentence for manslaughter as being excessive and an abuse of discretion.

The arguments in appellant's brief intersperse references to the supposed impropriety of the plea and sentence on the driving charge. An attempt is made to taint the collateral manslaughter judgment and sentence resulting after the probation revocation.

Any issues relative to the validity of Waldrip's guilty plea or sentence for the motor vehicle offense are precluded. They have previously been disposed of in the appeal to the Court of Appeals. This Court denied a petition to review the appellate court's efforts.

**518**

Ordinarily, a decision of an appeals court in a prior appeal of the same case settles the law for an appellate court in a subsequent appeal. State v. Reynolds, 108 Ariz. 541, 503 P.2d 369 (1972). The prior appeal in this case dealt with the judgment and sentence on the vehicular offense. Issues raised and disposed of in that case cannot now be reasserted. *See* State v. Guthrie, 111 Ariz. 471, 532 P.2d 862 (filed March 14, 1975). Those final decisions of the intermediate appellate court had the same finality as a decision of this Court. Tucson Gas & Electric Company v. Superior Court, 9 Ariz.App. 210, 450 P.2d 722 (1969), *cited with approval in* State v. Reynolds, *supra.*

> "The function of courts is to put an end to litigation. · If final decisions, whether they be of the trial court, when there has been no appeal, or that of an intermediate court, when there has been no review granted, are not given this finality, then the prime goal of the judicial process will be proportionately defeated." Tucson Gas & Electric Company, *supra,* 9 Ariz.App. at 212–213.

We are thus only concerned with the appropriateness of the revocation of probation and the sentence for voluntary manslaughter. We need not review the March, 1972 judgment of guilt. State v. Ingles, 110 Ariz. 295, 518 P.2d 118 (1974); State v. Ward, 108 Ariz. 288, 496 P.2d 588 (1972). Nor does appellant question its appropriateness.

The terms of probation, signed by the appellant, expressly provided, in part, that:

> "Defendant shall remain a law abiding citizen at all times by obeying all the laws of the State of Arizona and all the laws of the United States Government, or any state where residing.

> .    .    .    .    .    .

> "Defendant is prohibited from the excessive consumption of intoxicating liquors or to frequent places where intoxicating liquors are being dispensed as the major source of revenue."

After being judged guilty of the crime of driving while intoxicated with a suspended, revoked, or refused license, the court appropriately held a hearing to determine if this offense was a violation of the terms of probation. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The moving vehicle conviction was clearly reason for the judge to find that Waldrip had violated the terms of his probation. A.R.S. § 13–1657(B). The appellant's probation could thus be properly revoked and Waldrip sentenced on his plea of guilty to the original charge.

The record reveals that Waldrip's guilty plea to the charge of voluntary manslaughter was voluntarily and intelligently made pursuant to the standards of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969).

As to appellant's attack on the five year to life sentence, the general rule is that the trial court's discretion in sentencing will not be disturbed except in unusual circumstances amounting to a clear abuse of discretion, as long as the sentence is within the statutory limits. State v. Domme, 111 Ariz. 464, 532 P.2d 526 (filed March 6, 1975); State v. Villa, 111 Ariz. 371, 530 P.2d 363 (1975); State v. Snyder, 111 Ariz. 366, 529 P.2d 1183 (1975).

Voluntary manslaughter committed by a person armed with a gun or deadly weapon is punishable, for the first offense, by imprisonment for not less than five years. A.R.S. § 13–457(B). The appellant was sentenced to Arizona State Prison for five years to life.

This Court is empowered to reduce a sentence where it is believed that the conviction is proper, "but the punishment imposed is greater than under the circumstances of the case ought to be inflicted." A.R.S. § 13–1717(B); State v. Seelen, 107 Ariz. 256, 485 P.2d 826 (1971).

The appellant has urged that his age, state of health, lack of criminal intent, and cooperative attitude justify leniency. The state points out that the conduct of the ap-

pellant in recklessly combining the use of liquor and driving an automobile present a danger to society. The trial judge agreed with the position of the state. We fully recognize the necessity of protecting society from the lawless.

While we are convinced that the determination of the trial court to impose confinement as a sentence was based on sound judicial discretion, we are constrained to disapprove the imposition of a life sentence under the circumstances in this case. Appellant Waldrip was 67 years of age at the time of the sentence in this case, his health was poor, he was under medical care, and the acts constituting the violation of probation were not done with actual criminal intent. None of these factors excuse the conduct of Waldrip, but they mitigate against the heavy penalty of life imprisonment.

The minimum sentence of five years confinement is required by the statute when confinement is adjudged for voluntary manslaughter. The maximum term is left to the discretion of the court. From our review of the circumstances of the case we consider a maximum term of ten years to be adequate for the protection of society. The life term is greater than required by the circumstances of the case. In actuality even the minimum term of five years may result in a life sentence in this case because of the appellant's age and poor health, but his course of conduct requires the restraint of confinement. The minimum term of any such confinement has been fixed by law at not less than five years.

The sentence in this case is modified, and the appellant will be confined for not less than five years nor more than 10 years, the sentence to date from May 1, 1973 and to be served concurrently with the sentence imposed in Maricopa County Cause No. 74714.

Judgment affirmed as modified.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.