541 P.2d 961

**STATE of Arizona, Appellee,**

v.

**Terry Mack CREWS, Appellant.**

**No. I CA–CR I I39.**

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 4, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div. and John Pressley Todd, Asst. Attys. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

Pursuant to a plea agreement reached with the County Attorney, the appellant pled guilty to the crime of burglary, second degree. The agreement was signed by the County Attorney, the appellant, appellant's attorney, and filed and accepted by the trial court at the time appellant withdrew his former plea of not guilty and entered a plea of guilty. Appellant was subsequently sentenced to not less than four nor more than five years in the Arizona State Prison. He appeals from the judgment and sentence imposed.

The appellant claims that his guilty plea must be set aside for failure of the trial court to comply with Rule 17.2, Arizona Rules of Criminal Procedure, 17 A.R.S. The transcript of the plea proceedings clearly indicates that each element included in Rule 17.2 was covered by the trial court. Appellant contends, however, that he was not fully informed of the constitutional rights he waived by entering a plea of guilty. We note that the thrust of Rules 17.2 and 17.3 is to insure the acceptance of guilty pleas which are both intelligently and voluntarily made. *State v. Tiznado,*

Ariz., 540 P.2d 122 (1975). The court in *State v. Tiznado, supra,* stated:

"To be considered intelligent, it must be shown that the accused was aware of the right to trial by jury, the right of confrontation, and the privilege against self-incrimination." *State v. Tiznado,* 540 P.2d at 123.

Not only was a signed plea agreement filed which recited the constitutional rights suggested by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), but the trial judge personally addressed the defendant and reiterated those constitutional rights during the taking of the plea. The trial judge emphasized these rights notwithstanding the representation that appellant had discussed the plea of guilty with his attorney. The appellant was advised of the constitutional rights required to be given prior to the acceptance of a guilty plea. Rule 17, Arizona Rules of Criminal Procedure; *State v. Miller,* 110 Ariz. 304, 518 P.2d 27 (1974).

Appellant also claims error in the trial court's failure to inform him of the right to plead not guilty. We cannot help but observe that the right against self-incrimination (a right the defendant was advised he was waiving) encompasses the right not to convict oneself by an admission of guilt.

In the instant case, the defendant was represented at all times by counsel, and initially entered a plea of "not guilty", and had changed his plea to "guilty" as part of a plea bargain with the prosecutor. Furthermore, we note that appellant has made no claim that he was unaware of this right or that he was somehow prejudiced by the trial court's failure to so inform him. A review of the entire record convinces us that the appellant was both informed and aware of his right to plead not guilty.

Finally, we hold that the record before us fully·supports the trial judge's determination that, "the defendant's plea of guilty [was] being made knowingly, voluntarily and intelligently with an understanding of the consequences."

Therefore, the judgment and sentence are affirmed.

EUBANK, J., and HAIRE, C. J., Division 1, concur.