547 P.2d 487

**STATE of Arizona, Appellee,**

v.

**Willie Pete KOVACEVICH, Appellant.**

**No. I CA–CR 957.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 30, 1976.

Rehearing Denied May 4, 1976.
Review Denied May 25, 1976.

---

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

OPINION

SCHROEDER, Judge.

Appellant Willie Pete Kovacevich appeals from the order revoking his probation on three counts of forgery and from the three consecutive sentences of 7 to 14 years subsequently imposed. We hold that there was no reversible error with respect to the probation revocation, but further hold that in the circumstances of this case, the consecutive sentences were excessive and modify them to run concurrently.

The appellant on March 21, 1974 pleaded guilty to three counts of forgery for passing three bad checks. All of the checks were passed to the same company within the same week, and none of the checks exceeded $150. On April 24, 1974, the court suspended imposition of sentence for five years on each count and placed appellant on probation. On October 29, 1974, a petition was filed to revoke probation, alleging that the appellant had violated the terms and conditions of his probation; the alleged violations included use of marijuana, delinquency in making restitution payments, and failure to report in person as directed. The appellant had pleaded guilty in August of 1974 to possession of marijuana.

At appellant's initial appearance on revocation of probation, appellant was advised that he could either admit or deny the allegations of the petition, and that anything he said could be used against him. Appellant denied the allegations at that time, and the court set November 22nd for a preliminary hearing.

At the time set for preliminary hearing on revocation, the appellant was again informed of the allegations of the petition, was advised of the potential sentence he could receive upon revocation, and admitted the allegations. A mitigation hearing was waived, the appellant relying upon the recommendations of the probation officer, who was present in court, that a minimum sentence in prison be imposed. After as-

certaining that appellant waived final revocation hearing, a waiver which appellant signed in open court and which his counsel explained, the court ordered probation revoked and sentenced appellant to the Arizona State Prison for a period of not less than seven nor more than fourteen years on each count, the sentences to run consecutively.

■ Appellant first urges that the revocation of probation itself was invalid on the ground that the trial court was required, under the provisions of Rules 27.8, 17.2 and 17.3, Arizona Rules of Criminal Procedure, to advise the appellant expressly of his right to deny violation of probation and to have a hearing in which to confront witnesses. While the trial court did not expressly address the appellant with respect to these precise matters on November 25, 1974, we can perceive no reversible error, for in the light of the entire record, it is clear that the appellant made a knowing and intelligent waiver of these rights. He knew of his right to deny the allegations of the petition and to have a hearing thereon, for he had previously entered a denial and was present when a hearing date was set. *See State v. Crews,* 25 Ariz.App. 170, 541 P.2d 961 (1975). On the day set for hearing, he appeared in court with counsel and waived any further hearings in order that the oral and written statements of the probation officer could be received promptly with respect to mitigation. We, therefore, find no reversible error in connection with the probation revocation.

Appellant also challenges the consecutive sentences imposed, urging that they are unconstitutional as cruel and unusual punishment. In the alternative, appellant asks this Court to exercise its discretion pursuant to A.R.S. § 13–1717(B) and modify the sentences. The three sentences imposed, 7 to 14 years, are each within the limits established by the legislature for the crime of forgery, 14 years being the maximum prescribed.

■ Although the sentences may not be "cruel and unusual" in the constitutional sense, we believe that in the circumstances of this case the trial court abused its discretion in imposing consecutive maximum sentences. It is true, as the State points out, that appellant had a previous criminal record in other jurisdictions for forgery and drug abuse. It is also true that appellant admitted passing five additional forged checks in small amounts to the same company within a three month period, but as a part of his plea agreement, he was not charged with these additional forgeries. Nevertheless, the probation officer's report which fully considered the appellant's record recommended only a minimum prison sentence upon revocation of probation. Of the three forgeries in this case, none involved a substantial amount of money. They were not crimes of violence, nor is there any suggestion in the record that during the time that appellant was on probation, he was guilty of any crimes of violence.

■ At the time of the sentencing, this appellant was 57 years old and suffered from severe back and respiratory problems for which he received disability benefits under Social Security. The defendant's age and health are factors to be weighed in considering sentence reductions. *See State v. Waldrip,* 111 Ariz. 516, 533 P.2d 1151 (1975), reducing a sentence for voluntary manslaughter. Moreover, the three separate offenses were all closely related, and this should also be considered. In *State v. Hutton,* 87 Ariz. 176, 349 P.2d 187 (1960), the defendant had burglarized a building and stolen a saddle from it. The Supreme Court held that consecutive sentences for burglary and grand theft were excessive. While first recognizing that the trial court's judgment as to punishment is ordinarily not to be disturbed, the court went on to state:

"Even though it appears the defendant has a former criminal record, we feel

that the imposition of the maximum for both offenses to run consecutively is too severe, and we are justified in exercising the power given us under A.R.S. § 13–1717, subd. B. We have no objection to the imposition of the maximum for each offense, but feel in the interest of justice that the sentences should run concurrently." 87 Ariz. at 178–79, 349 P.2d at 189.

We reach a similar conclusion here. It is, therefore, ordered under the authority granted this Court by A.R.S. § 13–1717(B) that the judgment and sentence be modified so that the three 7 to 14 year sentences run concurrently rather than consecutively.

The judgment is affirmed as modified.

JACOBSON, P. J., concurs.

WREN, Judge (concurring in part, dissenting in part):

I agree that the order revoking probation should be affirmed, but I respectfully decline to endorse the action of this Court in directing that the sentence be modified because the trial judge abused his discretion.

The power granted this Court under A.R.S. § 13–1717 is to be exercised only with great caution; and the discretion of the trial court in sentencing is not to be disturbed, save in unusual circumstances, as long as it is within the statutory limits. *State v. Villa,* 111 Ariz. 371, 530 P.2d 363 (1975); *State v. Hunt,* 9 Ariz.App. 484, 453 P.2d 995 (1969).

As stated in *State v. Fischer,* 108 Ariz. 325, 326, 498 P.2d 147, 148 (1972):

"The legislature has vested in the trial court broad discretion in sentencing the defendant by setting minimum and maximum statutory periods. Since the trial court generally is better able to evaluate the defendant's crime in light of the particular facts of the case as well as the background circumstances relative to his moral character, we will not disturb that sentence unless there is a clear abuse of discretion." (citations omitted). ·

I can find no such clear abuse of discretion here. The record before Judge Rose, including a Probation Violation Report and a Presentence Investigation report, reflects a previous criminal history encompassing four pages on the F.B.I.'s "rap-sheet", including eight previous felony convictions, three of them for forgery. The record further indicated two previous parole violations, and that defendant "had been a heroin addict for twenty-nine years and had served seven penitentiary sentences for drug-related offenses." The judge was also aware of the fact that, while defendant was charged with only the three checks, he had actually forged eight of them totaling $701, two of which had been passed some three months previous to the other six. As to his probation violation, in addition to pleading guilty to possession of marijuana, open-end, he had violated the other terms and conditions of his probation which had been previously imposed by the court.

Quite understandably to me, Judge Rose, when again finding the defendant before him in court, ignored the recommendation of the probation officer that he be sentenced to a minimum term in prison, and decided that the protection of society and cessation of drug-related offenses by defendant were of paramount concern. The situation here is analogous to that in *State v. Guerrero,* 58 Ariz. 421, 120 P.2d 798 (1942), where although noting that a 30 to 35 year sentence for rape was rather severe and would probably be set aside if it were defendant's first offense, our Supreme Court stated:

"Considering that the defendant is a recidivist, we do not feel that he was excessively punished." Id. at 433, 120 P.2d at 803.

**220**

It is permissible, under the obvious intent of the law, to graduate punishment in accordance with the general nature of the offense, the defendant's previous criminal conduct and the character of the party convicted. It is also obvious that the enhanced punishment meted out here was not just for the three forged checks, but rather was cognizant of all the relevant factors noted above. It was within the trial judge's discretion to make the sentences consecutive, as he was in the best position to evaluate the defendant's crimes in the light of all the facts of the case.

In my opinion, the fact noted in the majority opinion that none of defendant's crimes, present or past, were of a violent nature should have no efficacy here. Throughout the criminal code the legislature has seen fit to exact a more severe penalty for certain nonviolent crimes than for certain violent ones. For instance, the penalty for forgery is from one to fourteen years, whereas the penalty for aggravated assault is from one to five years, and may even be treated as a high misdemeanor with a maximum penalty of one year in the county jail.

That this Court may disagree with the sentence imposed is of no import. If such punishment is too severe, it is a defect to be remedied by the legislature, rather than by the courts. In fact it would be extremely doubtful that any two out of ten sentencing judges, given this identical set of facts, would agree as to a proper punishment. See, Sentencing: Disparity, Inconsistency, and a New Federal Criminal Code, 20 Catholic U.L.Rev. 748 (1971). If something or someone is to be faulted for the sentence rendered here, then let it be the system which permits such a wide discrepancy, and not the trial judge who finally decided that he had had enough, and imposed a penalty severe enough to get an habitual criminal off the streets so that he could not commit another crime; for, rest assured, upon his release, commit it he surely will.

I would affirm the sentence imposed.