586 P.2d 635

**STATE of Arizona, Appellee,**

v.

**Leon Tony Lynn PATTON, Appellant.**

**No. 4392.**

Supreme Court of Arizona,
In Banc.

Nov. 1, 1978.

Rehearing Denied Nov. 21, 1978.

John A. LaSota, Jr., Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Appellant, Leon Tony Lynn Patton, hereinafter referred to as defendant, was sentenced to a prison term of not less than ten nor more than fifteen years following his plea of no contest to a charge of burglary while armed, in violation of A.R.S. §§ 13–301 and 13–302C. Defendant alleges that this sentence, although statutorily permissible, is excessive and should be modified by this Court. We have jurisdiction pursuant to Rules of Supreme Court, 17A A.R.S., Rule 47(e)(5).

A.R.S. § 13–1717B provides this Court with the power to reduce a defendant's punishment if, in its opinion, the punishment imposed is greater than the circumstances of the case merit. The imposition of a penalty upon conviction, however, is entirely within the discretion of the trial judge and will not be reduced unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. *State v. Castano,* 89 Ariz. 231, 360 P.2d 479 (1961); *State v. Pickard,* 105 Ariz. 219, 462 P.2d 87 (1969). Moreover, "discretion" in its legal context has been held to

mean a "sound discretion." An abuse of discretion occurs when the decision is characterized by capriciousness or arbitrariness or by a failure to conduct an adequate investigation into the facts necessary for an intelligent exercise thereof. *State v. Douglas,* 87 Ariz. 182, 349 P.2d 622 (1960). The power of this Court to modify sentences should further be tempered by the realization that a defendant appears in person before the trial judge, rendering that judge, in most instances, more able than ourselves to evaluate the defendant and his circumstances. *State v. Smith,* 107 Ariz. 218, 484 P.2d 1049 (1971); *State v. Reid,* 114 Ariz. 16, 559 P.2d 136 (1976). We find no such abuse of discretion in the instant case and therefore uphold the sentence imposed.

The facts of the case are as follows: On November 15, 1976 at approximately 5:40 a. m. officers responded to a burglary in progress call at a Phoenix doctor's office. The defendant, a thirty year old male, was observed running from the front of the office building. In his possession were a .25 caliber pistol, a hammer and a screwdriver. The doctor's office had been entered from the roof via the air conditioner cover. The front door had been pried open and attempts had been made to enter the next office by knocking a hole in the wall. Particles of dry wall were found on the defendant's clothing and on the hammer and screwdriver found in his possession. These were similar to the material in the victim's wall. In the office, papers had been scattered and a cash box containing $6.00 was missing. Damages to the door, wall and air conditioner amounted to $594.34. On these facts the defendant was charged with armed burglary, and possession of a pistol by a criminal.

The defendant has a record of burglary convictions. Most, however, occurred when he was a juvenile. His prior adult record amounts to two convictions for burglary. The first was in 1967, and the second in 1976. The nine years in between were free of any encounters with the law.

On December 30, 1976, a month and a half after his arrest on the charges that comprise the present case, he was placed by the Honorable Val Cordova on a five year probation for the 1976 burglary. This was done with the court's knowledge of the burglary charges pending in the present case.

On April 26, 1977 the defendant pled no contest to the armed burglary charge in this case. The charge of possession of a pistol by a criminal was dismissed. The defendant's probation officer recommended probation. The deputy county attorney recommended a minimum period of incarceration (i. e., five years). On May 31, 1977 the defendant was sentenced by the Honorable Frederic W. Heineman to ten to fifteen years in the Arizona State Prison. Judge Heineman allowed the defendant to return home to his family for the night. A bench warrant was issued for his arrest the following day because he failed to report to the Maricopa County Jail as required by the terms of his sentence.

Where discretion is vested in the trial judge as to the limits of a sentence, he should consider the general character of both the offense charged and of the party convicted. *Castano, supra.* In reviewing the propriety of the trial judge's discretion, we must look to the same considerations. The defendant's age,[1] physical health,[2] cooperative attitude,[3] moral character,[4] and prior criminal record or lack thereof,[5] are all valid considerations. The non-violent nature of the crime,[6] the depravity of the offense,[7] the degree of defendant's participation,[8] and the sentences given to co-offenders,[9] have all been used to evaluate the

circumstances of the crime itself. It must be realized, however, that the above list serves merely as an outline of potential considerations. The presence or absence of any of these factors is not decisive. A sentence can be held to be not excessive despite the defendant's youth, *State v. Snyder,* 111 Ariz. 366, 529 P.2d 1183 (1975), and in the alternative, can be excessive despite the presence of a criminal record. *State v. Hutton,* 87 Ariz. 176, 349 P.2d 187 (1960).

The defendant is not a juvenile and has not been so for over ten years. His criminal record amounts to a list of prior burglary convictions. Despite a nine year period free from crime, he has within the last two years been convicted of two burglaries. Moreover, he was carrying a gun in violation of A.R.S. § 13–919 at the time of his arrest in this case. There is further evidence, in the presentence report, that after his arrest on this matter he continued to carry a gun and accidentally shot himself in the arm while practicing his quick draw. Although he asserts that he has had no drugs since his arrest, he admits to drug abuse involving demerol at the time of his arrest. His five months on probation were incident free. However, he had exhibited other such rehabilitated periods in the past and had eventually returned to crime.

Notwithstanding the recommendations for probation and for a minimum term of incarceration, the sentence imposed can be supported by the facts presented to the trial judge. Although a judge is aided by the recommendations of county attorneys, police officers and probation officers, it is fundamental that he is not bound by any of

1. *State v. Maloney,* 105 Ariz. 348, 464 P.2d 793 (1970); *State v. Seelen,* 107 Ariz. 256, 485 P.2d 826 (1971); *State v. Flores,* 108 Ariz. 231, 495 P.2d 461 (1972).

2. *State v. Waldrip,* 111 Ariz. 516, 533 P.2d 1151 (1975); *State v. Kovacevich,* 26 Ariz.App. 216, 547 P.2d 487 (1976).

3. *State v. Killian,* 91 Ariz. 140, 370 P.2d 287 (1962).

4. *State v. Killian, supra.*

5. *State v. Domme,* 111 Ariz. 464, 532 P.2d 526 (1975); *State v. Mahan,* 92 Ariz. 271, 376 P.2d 132 (1962); *Seelen, supra; Flores, supra.*

6. *State v. Goodman,* 110 Ariz. 524, 521 P.2d 611 (1974); *Kovacevich, supra.*

7. *State v. Bible,* 104 Ariz. 346, 452 P.2d 700 (1969).

8. *Seelen, supra.*

9. *Flores, supra.*

these suggestions. It is the court's duty to pronounce the minimum and maximum limits of an indeterminate sentence under A.R.S. § 13–1643.[10] It must therefore be the judge who does the final weighing of both the character of the defendant and the crime charged. It is important that his judgment be protected and not inextricably shackled to the recommendations of others.

Rehabilitation is a valid objective of sentencing, See *State v. Swafford,* 21 Ariz.App. 474, 520 P.2d 1151 (1974), but so are retribution, restraint and deterrence. *State v. O'Neill,* 117 Ariz. 343, 572 P.2d 1181 (1977). The trial judge concluded that rehabilitation had not worked in the past and that the interests of restraint, retribution and deterrence needed now to be served. These were all reasonable conclusions and are a legitimate exercise of the judge's discretion.

The defendant was charged with armed burglary. His prior burglary convictions were not alleged. If one of his prior offenses had been charged he would have faced a mandatory ten year minimum prison sentence. Had both of his prior adult convictions been included in the charge he would have faced a twenty year minimum sentence. In either case he would have been ineligible for probation, parole or pardon until the minimum sentence was served. A.R.S. § 13–302C. Ten to fifteen years is a statutorily permissible sentence for armed burglary even if no priors are alleged. A.R.S. § 13–302C. Since this sentence is within statutory limits and has not been declared unconstitutional, it is not cruel and unusual. *State v. O'Neill, supra.* In light of the defendant's prior burglary convictions and the mandatory sentences that would have been imposed had his prior convictions been alleged, the sentence is also not excessive.

Defendant emphasizes that the crime charged in the instant case had been committed prior to his being placed on probation for another burglary and that probation was granted with full knowledge of the charges involved in the present case. Because no change in circumstances had occurred since the granting of probation, the defendant contends he should have been given no more than probation in the instant case. We find little merit in this argument.

It must be realized that a fundamental change *did* occur after the granting of probation in November. The defendant pled no contest to a charge of armed burglary. The granting of probation by a judge on one charge is in no way binding on another judge who is sentencing a defendant on a totally unrelated charge. The defendant's probation was not modified or revoked. Instead, he was sentenced for a new crime. The trial judge who granted probation on the prior burglary charges was not given evidence of a subsequent conviction but only of a subsequent arrest. At that time the defendant was deemed innocent of those charges until proven guilty. A.R.S. § 13–162A. A plea of no contest on those charges has since been made, and therefore a permissible sentence imposed.

The judgment and sentence of the Superior Court are affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

**10.** Repealed by Arizona's new Criminal Code, effective October 1, 1978.