710 P.2d 463

**STATE of Arizona, Appellee,**

v.

**Melvin Lyle JONES, Appellant.**

**No. 6635–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 9, 1985.

Ross P. Lee, Maricopa County Public Defender by Michael Sullivan, Terry Adams, Phoenix, for appellant.

Robert K. Corbin, Atty. Gen. by William Schafer, III, Roslyn Moore Silver, Phoenix, for appellee.

FELDMAN, Justice.

On April 16, 1983, at approximately 8:00 p.m., petitioner was driving his vehicle

westbound on Guadalupe Road in Tempe, Maricopa County. He was driving 55 in a 45-mile-per-hour zone. In what may have been an unsuccessful suicide attempt, he aimed his car at a telephone pole but instead hit a guard rail, lost control, crossed the centerline and collided head-on with another car. As a result of that collision, a passenger in the other car suffered a serious spinal injury resulting in partial paralysis.

Petitioner was indicted for aggravated assault, a class two, dangerous felony, and endangerment, a class six felony. On October 24, 1983 appellant entered a no contest plea to the crime of aggravated assault, a class three non-dangerous, non-repetitive felony, in violation of A.R.S. §§ 13–1204(A)(1) and (B); 13–1203(A)(1); 13–701; 13–801; 28–444, 28–445. In return, the state agreed to dismiss Count II (endangerment) and the allegation of dangerousness in Count I. The trial court imposed the maximum sentence of ten years plus a $137,000 fine.

Petitioner seeks review of his sentence. We grant review under Rule 31.19, Ariz.R. Crim.P., 17 A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

The sentence was based on the court's finding of five aggravating and no mitigating circumstances. See A.R.S. § 13–702(C). Petitioner challenges the court's finding of the first two aggravating circumstances.[1] These were recorded in the plea hearing transcript as:

One is you apparently were drunk [on April 16, 1983] at the time you wiped these people out; that is, the accident occurred.

Another is you have been picked up during the same year, [January 17,] 1983, for drunken driving and apparently didn't learn anything from the first time.

The court of appeals affirmed the conviction and the sentence. (*State v. Jones*, 1 CA–CR 7660, 1 CA–CR 8396–PR, slip op. at 4, filed August 28, 1985 (mem.).) It upheld the first two aggravating circumstances, stating the trial court based them on

(1) Jones' .18 blood alcohol level at the time of the accident

(2) The previous DUI conviction within the same year.

(*Id.* at 3.) The court of appeals further stated that "the presentence report ..., the police report of the accident, and Jones' own statements" presented the trial court with "overwhelming evidence of the aggravating circumstances."

Other than petitioner's own statement, found in the presentence report, that he had had "a couple of beers" prior to the accident, there is nothing in the record to substantiate that he was intoxicated at the time of the charged occurrence. Similarly, the record does not show that a blood alcohol test was administered or that petitioner's blood alcohol level at the time of the charged offense was .18. The information that petitioner's blood alcohol level was measured at .18 is established in the record, but *only* in the presentence report pertaining to his previous arrest on January 17, 1983, for driving while intoxicated. Finally, no police report pertaining to the charged offense was offered or filed in the trial court and none is part of the record on appeal.

A.R.S. § 13–702(C) expressly permits a trial court to impose a greater than presumptive sentence only if the aggravating factors that form the basis of the sentence are found to be true based on "any evidence or information introduced or submitted to the court." In the present case, there was a statement made at sentencing that petitioner had a blood alcohol level of .18 at the scene of the accident. The source of this information was not identified. It may have been based on the police report which the prosecutor had said he would file with the court. That report was never filed, and the record does not show

1. The other aggravating circumstances were petitioner's inability to compensate the victim, the severity of the injury and petitioner's lack of remorse.

its contents. The information may just as easily have come from the prosecutor's misreading of the report pertaining to the previous incident of January 17, 1983. This is perhaps the more likely explanation, since none of the presently charged offenses involves an allegation of intoxication, and both the probation officer and the victim of the accident recommended that defendant be given probation instead of a prison sentence.

In any event, we believe that to fulfil the requirements of A.R.S. § 13–702(C) the "evidence or information introduced or submitted" to the court must be made part of the record. No other method will allow review by the appellate courts or evaluation by the public. Also, "information" includes only those facts which are substantiated. Unarticulated thoughts, unidentified documents, and unattributed statements do not provide "information" sufficient to support a finding of aggravated circumstances. "Evidence" to be admitted for sentencing purposes is, like other evidence, governed by the rules of evidence. "Information" may be considered even though it may not meet the requirements of the evidence rules. However, the rule of common sense applies even where the rules of evidence do not. The record must show what the information consists of and where it comes from and must indicate that it has some substance above rumor, gossip or speculation. *See,* Rule 26.-7(b), Az.R.Crim.P., 17 A.R.S.

In the absence of support in the record that petitioner was driving while intoxicated at the time of the April 16, 1983 accident, the first two aggravating circumstances must fall; the first because it was not shown to be true and, the second because the crime charged was not a repeat offense. The record establishes the prior offense of DUI but does not establish that the charged offense arose out of intoxication. Of course, the previous DUI conviction may itself be considered as an aggravating circumstance. However, it appears from the language used by the judge —"you apparently didn't learn anything"— that he gave it weight not just as a previous offense but as one which made the charged offense repetitive.

A failure to establish the "true" facts necessary for the proper exercise of the statutory sentencing discretion makes the resulting sentence an abuse of discretion. *See State v. Patton,* 120 Ariz. 386, 388, 586 P.2d 635, 637 (1978). We cannot uphold a sentence, even when it is within the statutory limits, if it is the result of an abuse of discretion. *See State v. Waldrip,* 111 Ariz. 516, 518, 533 P.2d 1151, 1153 (1975). Because no evidence in the record substantiates the first two aggravating circumstances, we vacate the sentence although we affirm the conviction. The opinion of the court of appeals is vacated. The case is remanded to the trial court for resentencing.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.