729 P.2d 345

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. 45363–3.**

No. 2 CA–JV 022.

Court of Appeals of Arizona, Division 2, Department A.

Nov. 18, 1986.

Stephen D. Neely, Pima Co. Atty. by David M. Quantz, Tucson, for appellee.

Gaxiola & Ralls by Stephen G. Ralls, Tucson, for appellant.

## OPINION

HOWARD, Presiding Judge.

The minor appeals from the disposition order of the juvenile court, arguing that the court erred in ordering restitution in the full amount of damages regardless of the victim's insurance coverage and reimbursement. The minor in this case admitted a theft allegation and was adjudged delinquent. At the disposition hearing, the minor argued that because the victim's insurance covered the loss, the minor should only be ordered to pay one-half of the insurance policy deductible amount. The court disagreed and ordered that the minor pay one-half of the victim's damages, or $535.47, apparently anticipating that a juvenile accomplice who was involved in the offense would share equally the responsibility to make restitution. The court stated that "the law requires the actual damage to be paid; if the insurance company has compensated the victim for his loss, then both the victim and the insurance company should receive restitution for their actual out-of-pocket loss."

A.R.S. § 8–241(C)(1) clearly allows the court to order full or partial restitution to the victim of the offense for which the minor was adjudicated delinquent. While the minor concedes the total amount of the loss, he argues that he can be ordered to pay only the amount of the *victim's* loss, that is, the policy deductible. The remaining loss is that of the victim's insurer, who is not a "victim" under the statute and who suffered a loss caused not by the crime but rather by its obligation to pay under the insurance contract. We disagree. The court's order requires restitution to the victim. Contrary to the minor's argument, the collateral source rule prohibits the minor from benefiting from the victim's foresight in obtaining insurance coverage. Whether the policy requires him to pay over the restitution received or the victim elects to do so is irrelevant here. *Accord, Dorris v. State*, 656 P.2d 578 (Alaska App. 1982).

The minor argues that the purpose of restitution under A.R.S. § 8–241(C)(1) is not to make the victim whole but to modify a child's behavior, deter future offenses, rehabilitate and teach a child responsibility and the value of property. While we agree that restraint, deterrence and rehabilitation are valid purposes for ordering restitution, *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978), the court also must consider the victim's loss in fashioning an order appropriate to a particular case. That was done

here, and we find no abuse of the juvenile court's discretion. Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.