## UNITED STATES v. DEXTER.

(District Court, N. D. Iowa, C. D. July 2, 1907.)

No. 918.

1. **POST OFFICE—OFFENSES—UNITED STATES MAILS—SCHEME TO DEFRAUD.**

   The elements of the offense of devising a scheme or artifice to defraud, to be effected by means of the post office establishment of the United States, in violation of Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], are: (1) That defendant devised the scheme to defraud, as alleged; (2) that he intended to effect such scheme or artifice by opening correspondence or communication with the persons intended to be defrauded, by means of the post office establishment of the United States, or by inciting them to open correspondence with him respecting such scheme or artifice; and (3) that in the furtherance and execution of the scheme, or in attempting to further the same, defendant deposited or caused to be deposited in the United States post office letters, papers, writings, or circulars, or took from the post office papers or writings connected with the furtherance of such scheme.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, § 55. Nonmailable matter, see note to 30 C. C. A. 86.]

2. **CRIMINAL LAW—DEGREE OF PROOF—REASONABLE DOUBT.**

   In a criminal case, the burden is on the government to establish defendant's guilt beyond all reasonable doubt by full and satisfactory proof; a mere preponderance of evidence being insufficient.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1266.]

**3. SAME—REASONABLE DOUBT.**

A reasonable doubt sufficient to entitle accused to an acquittal is not a mere possible doubt that is sought after in the evidence, or arises out of sympathy or ingenious suggestion not warranted by the evidence or lack of evidence, but such as naturally arises upon an impartial consideration of all the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1267, 1268.]

**4. SAME—OTHER OFFENSES—SHOWING INTENT.**

In a prosecution for having devised a scheme or artifice to defraud, to be effected by means of the post office establishment of the United States, in violation of Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], evidence that defendant knowingly deposited in or sent through the mails letters, papers, and writings, other than those described in the indictment, to other persons for the purpose of carrying out the alleged scheme, was admissible solely as bearing on defendant's intent and purpose in his transactions charged in the indictment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 830–832.]

**5. POST OFFICE—USING MAILS TO DEFRAUD—TIME—MATERIALITY.**

In a prosecution for devising a scheme or artifice to defraud, to be effected through the post office establishment, the date of the alleged mailing of the different letters, papers, or writings described in the indictment was not an essential element of the offense; it being sufficient that the letters, writings, circulars alleged, or some of them, were deposited or caused to be deposited by defendant at any time within three years next prior to the finding of the indictment.

**6. SAME—SCHEME TO DEFRAUD—DEFINITION.**

A "scheme or artifice" to defraud, within Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], prohibiting the use of the post office establishment in aid of a scheme or artifice to defraud, is the formation of a plan, device, or trick to perpetrate a fraud on another.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, § 55.]

Indictment Charging Violation of Section 5480, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3696], as Amended.

F. F. Faville, U. S. Atty., and J. A. Rogers, Asst. U. S. Atty.
E. V. Swetting, for defendant.

REED District Judge (charging jury). The defendant, A. Ira Dexter, is charged by this indictment with having devised a scheme or artifice to defraud, to be effected by means of the post office establishment of the United States.

Section 5480 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3696], as amended, so far as material to the matters charged in this indictment, is as follows:

"If any person having devised or intending to devise any scheme or artifice to defraud, * * * to be effected by either opening or intending to open correspondence or communication with any person, whether resident within or outside of the United States, by means of the post office establishment of the United States, or by inciting such other person to any person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice or attempting to so do, place or cause to be placed any letter, packet, writing, circular, pamphlet, or advertisement in any post office, branch post office, or street or hotel letter box of the United States, to be sent or delivered by the said post office establishment, or shall take or receive any such therefrom, such person so mis-using the post office establishment, shall upon conviction be punishable," as prescribed in the section.

And offenses to the number of three, if committed within the same six calendar months, may be charged in the same indictment.

You will observe, gentlemen, that this section provides, in substance, that if any person shall devise any scheme or artifice to defraud, intending to effect the same by means of the post office establishment of the United States, and shall deposit or cause to be deposited any letter, packet, paper, writing, or circular in the United States mails, or shall incite another to open correspondence with him through the mails, or receive any such letter, packet, paper, writing, or circular from the mails in execution of such scheme, then he is guilty of a violation of this section. The indictment against this defendant, upon which he is being tried, is founded upon this section of the Revised Statutes, and is in three counts. Count 1 charges, in substance: That defendant in October, 1906, within the jurisdiction of this court, did devise a certain scheme and artifice to defraud one Phillip Ehret (and other persons to the grand jurors unknown) of large sums of money, to be effected by opening correspondence and communication with said Phillip Ehret (and said other persons) by means of the post office establishment of the United States, which contemplated use of said post office establishment was a part of said scheme, and which said scheme and artifice was in substance as follows: That defendant in October, 1906, falsely and fraudulently represented and pretended to said Phillip Ehret that a company described and called by the defendant as the "National Land Company of Algona, Iowa," was engaged in securing lists of lands from the owners thereof, and procuring purchasers for and selling lands for the owners upon commission. That defendant was procuring lists of lands for said National Land Company, and that the company for its services in procuring purchasers for and selling the lands so listed with it would charge a commission of one dollar per acre; said commission to be paid to it only in the event that it found a purchaser for, and effected a sale of, the land listed with it. That said land company would in a few days send to said Phillip Ehret an application or instrument in writing, which when signed and returned by said Ehret to the company would authorize said land company to sell the land of Ehret so listed with defendant, and to be described in said writing, at a price to be named therein; and that in the event only that said company would effect a sale of the land, Mr. Ehret or person signing the writing was then to pay said National Land Company a commission of one dollar an acre for effecting such sale. It is then charged that in fact there was no such firm, company, or corporation as the "National Land Company of Algona." That said name was a fictitious one only, and was used by defendant as a part of said scheme or artifice to defraud said Ehret, or other persons who might sign the writing to be sent them by defendant in the name of said National Land Company. That said land company was not engaged in the real estate business or in selling land upon commission, and that the defendant or said land company did not intend to sell the land of said Phillip Ehret, or other persons who might list lands with said company, but intended only by such scheme and artifice to fraudulently obtain from said Ehret and other persons his and their signatures to, and the delivery to the

defendant of, a written agreement, which would provide that the persons signing the same should pay to the National Land Company of Algona, at Algona, Iowa, the sum of one dollar per acre for advertising only, the land of the party or parties signing such instrument, whether the land was sold or not. That defendant intended to effect such scheme and artifice to defraud said Phillip Ehret by opening correspondence and communication with him by means of the post office establishment of the United States, and that defendant did on or about October 13, 1906, in the name of said National Land Company of Algona, in furtherance and execution of said scheme, open correspondence with said Phillip Ehret by depositing or causing to be deposited in the United States post office at Algona, Iowa, the certain writing described and set out in said count of the indictment, inclosed in an envelope stamped with the requisite United States postage stamp, and addressed to said Phillip Ehret at Milford, Iowa, intending that the same should be sent and delivered by means of the post office establishment of the United States. Count 2 is the same as count 1, except that it charges that the person to be defrauded by said scheme or artifice was one Herman F. Peters (and other persons to the grand jury unknown), and that the correspondence and communication with said Peters was opened by defendant in the name of said National Land Company about October 15, 1906, at Algona, Iowa, in the same manner, for the same purpose, and by the same means as alleged in count 1. Count 3 is the same as count 1, except that it charges that the person to be defrauded was one Charles K. Yost (and other persons to the grand jurors unknown), and that the correspondence with said Yost was opened by the defendant in the name of said National Land Company at Algona about September 19, 1906, in the same manner, for the same purpose, and by the same means as alleged in count 1. Each of these counts of the indictment, gentlemen, charges a distinct and separate offense against the defendant, the essential elements of which offense are: (1) That the defendant devised the scheme or artifice to defraud described in each of said counts; (2) that defendant intended to effect such scheme or artifice by opening correspondence or communication with the person named in each of said counts by means of the post office establishment of the United States, or by inciting such person to open correspondence with defendant in the name of the National Land Company of Algona, respecting such scheme or artifice so charged; and (3) that defendant, in furtherance and execution of said scheme so charged, or in attempting so to do, did deposit or caused to be deposited in the United States post office at Algona, this state, the letters, papers, writings, and circulars, or some of them, as charged in said count, to be sent and delivered by the post office establishment of the United States, or did himself take or cause to be taken from the post office at Algona some of said papers or writings, as charged in said count.

To this indictment the defendant answers or pleads that he is not guilty, and thus denies each and every essential of the offenses charged against him in said several counts of the indictment, and casts upon the government the burden of proving the same by evidence beyond

reasonable doubt, and that defendant is guilty of some one or more of said offenses.

To enable you the better to determine the guilt or innocence of defendant, it may be well to state to you briefly the rules which govern in the trial of criminal causes. In such trials full and satisfactory proof of the guilt of the accused is required before he can be convicted. A mere preponderance of evidence is not sufficient, unless it excludes all reasonable doubt of his guilt. The burden of proof, therefore, is upon the government in this case to prove by competent evidence beyond reasonable doubt every essential element or ingredient, as before stated, that constitutes the offense charged against the defendant in one or more of the several counts of the indictment; and unless it has done so you should acquit him, for he is presumed to be innocent of the offenses so charged against him, is entitled to the benefit of such presumption, and it stands as his sufficient protection, unless it has been overcome or removed by evidence which satisfies you beyond reasonable doubt of his guilt of the offense charged in one or more of said counts of the indictment. It is not necessary to prove that he is guilty upon all of the counts. If the evidence satisfies you beyond reasonable doubt, as before stated, that he is guilty of the offense charged in one or more of said counts, but not upon all three, then you should convict him upon the count or counts of which you are so satisfied of his guilt and acquit him upon the others. If the evidence adduced by the government, unexplained, satisfies you beyond reasonable doubt that the defendant is guilty of one or more of the offenses charged against him, then you should convict him of such offense, unless he has adduced before you evidence which, with the presumption of his innocence, considered in connection with all the other evidence in the case, raises in your minds a reasonable doubt of his guilt. If he has done this, then you should acquit him; but, if he has not, you should convict him, as before stated. The reasonable doubt, however, that will entitle the defendant to an acquittal is not a mere possible doubt, one that is sought after in the evidence, or one that arises from ingenious suggestions, not warranted by the evidence or the lack of evidence, nor one that arises out of sympathy for the defendant or his family or relatives, but it must be one that arises naturally in your minds, upon a full, conscientious, and impartial consideration upon your oaths as jurors of all of the evidence before you. If upon such a consideration of all the evidence your minds hesitate or waiver, are not honestly convinced of defendant's guilt of the offenses charged against him, or of some of them, then the doubt would be a reasonable one, and the defendant entitled to the benefit thereof, and should be acquitted at your hands. But if such consideration of all the evidence before you produces in your minds a firm conviction or settled belief of defendant's guilt of the offense charged against him in either count of the indictment, such a conviction as you would act upon in the more important affairs of life, then the proof is beyond reasonable doubt, and you should unhesitatingly declare by your verdict that defendant is guilty of the offense charged in the count or counts of the indictment of which you are so satisfied of his guilt. To warrant you in finding the defendant guilty, gentlemen, you must be satisfied from the evidence beyond reasonable doubt: (1) That defendant knowingly

devised a scheme or artifice to defraud the person named in one or more of the counts of the indictment, as charged therein; (2) that he intended to effect or consummate such scheme by means of the post office establishment of the United States; and (3) that in the execution or carrying out of said scheme, or in attempting to so do, the defendant knowingly deposited or caused to be deposited in the United States post office at Algona, Iowa, some of the letters and papers described in the different counts of the indictment, intending that they should be carried and delivered by the United States mail, and unless you are so satisfied, you should not convict the defendant.

Testimony has been admitted before you showing the acts, declarations, and conduct of the defendant with persons other than those named in either count of the indictment, tending to show that defendant knowingly deposited in or sent through the mail to such other persons, and received through the mail from them, other letters, papers, and writings than those described in the indictment. The defendant is not being tried for any other offenses than those charged in the different counts of this indictment; but such evidence of his transactions and communications through the mails with other persons than those named in the indictment was admitted for the purpose of throwing light upon his transactions with Mr. Ehret, Mr. Peters, and Mr. Yost, the parties named in the several counts of the indictment, and to enable you to determine what his intentions and purposes were in his dealings with the persons so named; that is, whether or not his intention and purpose was to knowingly devise a scheme or artifice to defraud either of the persons named in the indictment, intending to effect the same by the use of the United States mails, and you will consider the evidence of his transactions with the persons other than those named in the indictment for such purpose only. There is some evidence tending to show that Mr. Ehret, Mr. Yost, and Mr. Peters were in fact defrauded by the defendant by reason of having signed the agreements received by them, respectively. The defendant is not on trial for having received money or property from others through false or fraudulent pretenses—that is a matter that would not be within the jurisdiction of this court—but he is on trial for having devised a scheme or artifice to defraud, and for having used the mails of the United States with the unlawful intent and purpose of consummating that scheme; and the offense is complete when it is proven beyond reasonable doubt that he has knowingly devised such a scheme or artifice to defraud, intending to effect the same by means of the post office establishment of the United States, and has deposited or caused to be deposited in the United States post office at Algona, Iowa, a letter, packet, paper, writing, or circular described in the indictment in furtherance of that scheme, intending that the same shall be carried and delivered by the United States mails, though no person may have actually been defrauded by reason of such scheme. It would be immaterial, therefore, if he did this, that no person was in fact defrauded. The statute is not designed to relieve any person from the effect or consequences of the fraud perpetrated upon him, but it is for the purpose of protecting the United States mails from being used for the purpose of effecting such frauds, or for any other unlawful purpose.

The post office establishment is designed, in part at least, to afford easy and ready communication between those who may desire to use it for such purpose. It is not designed to enable one person to commit or perpetrate a fraud upon another by the use thereof, and it is to prevent the mails from being used for such unlawful purpose that this statute was enacted, and it is the use of the mails to consummate or attempt to consummate such unlawful purposes that is forbidden and declared unlawful thereby; and he who uses or attempts to use the mails for such unlawful purpose is guilty of a violation of this statute, even though he may not have actually consummated the fraud intended to have been perpetrated by him by such use of the mails.

The dates alleged in the different counts of the indictment upon which defendant deposited or caused to be deposited in the post office at Algona the different letters, papers, or writings described in the indictment are not essential elements of the offenses there charged against the defendant, and if you find that such letters, writings, circulars, or other papers, or some of them, were so deposited or caused to be deposited in said post office at Algona by the defendant at any time within three years next prior to the finding of the indictment, which was found June 13, 1907, that is sufficient, and it would be wholly immaterial that defendant was not in Algona (in case you should so find) on the respective dates charged in the indictment, that he deposited or caused to be deposited such papers or some of them in the post office at that place.

Turning now to the essentials of the offenses charged against the defendant, and in your deliberations it would be well for you to consider them in this order: (1) Did the defendant devise a scheme or artifice to defraud either Mr. Ehret, Mr. Peters, or Mr. Yost, as charged in the several counts of this indictment? A "scheme" may be said to be a design or plan formed to accomplish some purpose. An "artifice" may be said to be an ingenious contrivance or device of some kind, and when used in a bad sense the word corresponds with "trick" or "fraud." Hence a "scheme or artifice" to defraud, within the meaning of this statute, would be to form some plan or devise some trick to perpetrate a fraud upon another. Did the defendant do this? You have heard the testimony, and heard it discussed before you by counsel of the respective parties, and it is for you to say under all of the evidence what the purpose of the defendant was in going to and making the statements that you shall find from the evidence he did make to Mr. Ehret, Mr. Peters, and Mr. Yost, or to either of them, in regard to his own business or the business of the National Land Company, and his (the defendant's) connection with or relation to that company. Was it his purpose to lead them or either of them to believe that there was such a company as the National Land Company engaged in finding purchasers for and selling land upon commission for those who would list their land with that company, such commission to be paid only when a sale of the land was effected by said company, when in fact there was no such company, and then induce or lead either Mr. Ehret, Mr. Peters, or Mr. Yost, to enter into a written contract whereby they or either of them would agree to pay to such company one dollar an acre for advertising their lands only,

without specifying how or in what manner it should be advertised, and as soon as the advertisement was in some manner made, whether the land was sold or not? If defendant did do this, that would be a scheme or artifice to defraud, within the meaning of this statute. It is for you to say under all the evidence whether or not the defendant knowingly planned or devised such a scheme or artifice, and, if you find that he did, then (2) you will next determine whether or not he intended to effect such scheme or artifice by means of the post office establishment of the United States. If you find that he did, then (3) did he in the execution of such scheme, or the attempt to do so, deposit or cause to be deposited in the United States post office at Algona, this state, at some time within three years next prior to the finding of this indictment, the letters, papers, or writings, as charged in the several counts of the indictment, or some of them, intending that such letters, papers, writings, or circulars so deposited should be carried and delivered by the United States mails, or did he take from such post office any of such papers? If the evidence satisfies you beyond reasonable doubt of each of these essentials of the several offenses charged against defendant, then you should unhesitatingly find him guilty upon that count or those counts of the indictment upon which you so find each of said essentials to be proven.

Take the case, gentlemen, and give it your faithful and conscientious consideration upon all of the evidence before you, and say by your verdict whether or not the defendant is guilty upon the several counts of this indictment, or any of them. I shall send to you by the bailiff forms of a verdict, one of which you may use to express the finding that you agree upon. When you retire, elect one of your number as foreman, and when you have agreed upon your verdict, have it signed by your foreman and return it into court.

NOTE.—The jury returned a verdict of guilty upon each count of the indictment.