576 P.2d 140

The STATE of Arizona, Appellee,

v.

John Jack STEWART, Appellant.

No. 2 CA–CR 1197.

Court of Appeals of Arizona, Division 2.

Jan. 24, 1978.

Rehearing Denied March 1, 1978.

Review Denied March 14, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Benjamin W. Lazarow, P. C. by Benjamin W. Lazarow, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was charged in an information alleging five counts of obtaining money pursuant to a fraudulent scheme or artifice in violation of A.R.S. § 13–320.01.

Pursuant to a plea agreement, he pled guilty to one count and the remaining four counts were dismissed. Appellant was advised at that time of the possible range of sentences. *State v. Woods,* 114 Ariz. 385, 561 P.2d 306 (1977). He was subsequently sentenced to a term of five to ten years in the Arizona State Prison, and a fine was imposed. The record demonstrates an inconsistency as to the amount of the fine, the transcript showing $500 and the minute entry $2,500.

Appellant challenges the factual basis for the guilty plea, the constitutionality of A.R.S. § 13–320.01, the sentence imposed, and the inconsistency as to the fine. We affirm the conviction and sentence, but remand to the trial court for clarification of the amount of the fine.

The following facts were before the court as a result of the presentence report, the two-volume preliminary hearing transcript, and the record of the change of plea hearing. On the afternoon of November 16, 1976, appellant approached the residence of Mrs. K. Foley, age 77, at 2034 East 7th St. in Tucson, Arizona. With no prior solicitation by Mrs. Foley, appellant told her that he knew the people who had worked on the house before. He initiated a conversation regarding roof repair, and asked to look at the roof. He told Mrs. Foley that spraying the roof with paint would make and keep the roof better. He said the job would cost $900 and when Mrs. Foley objected, appellant settled for $600. Mrs. Foley stated:

"Six hundred for spraying the roof. So I didn't say really to do it or not. I just said that—and then he went out. They were only there about a half hour, and he come [sic] back and said the roof was fixed. It was done."

\* \* \* \* \* \*

"I told him that it was a good roof, but when he said something about spraying it, I said, 'Well, I don't know anything about that', but I never really told him to go ahead and do it. I was just talking about it."

Appellant drove Mrs. Foley to her credit union to get a check, and then took her to the bank to cash it.

Two other women, ages 80 and 76 respectively, testified in connection with similar encounters with appellant on November 17 and 19, but their testimony concerned counts which were subsequently dismissed at the change of plea hearing.

We cannot agree with appellant that there was no factual basis for his guilty plea since the court had before it the presentence report, the preliminary hearing record, and the following testimony of appellant at the plea hearing:

"THE COURT: If I accept your plea of guilty to count 1 you would be telling me on or about November the 16th of last year you, pursuant to a scheme or artiface [sic] intend to defraud or to obtain from Kathleen H. Polley(?) [sic] money by means of fraud, false, or fraudulent pretenses, or promises.

Did you on or about that date make certain representations to a person by that name, and that you knew these representations were false or misleading?

A. [MR. STEWART] Yes, your Honor.

Q. Did you intend to obtain money or property through the representations made by you?

A. Yes, sir.

Q. You intended to use the proceeds for your own purposes, eventually?

A. Yes, your Honor."

The extended record reveals an adequate factual basis for the plea. *State v. Davis,* 112 Ariz. 140, 539 P.2d 897 (1975).

The court's decision as to sentence was based on this same record. From a statutory maximum of twenty years the court chose a five to ten-year sentence. A sentence within the statutory limits will not be disturbed on appeal absent a showing of a clear abuse of discretion. *State v. Waldrip,* 111 Ariz. 516, 533 P.2d 1151 (1975). A review of the record does not reveal an abuse of discretion, even though this was appellant's first felony conviction. In *State v. Villa,* 111 Ariz. 371, 530 P.2d 363 (1975), the discretion of the trial court in sentencing was not disturbed even though the defendant had no previous criminal record.

A.R.S. § 13–320.01 reads:

"Any person who, pursuant to a *scheme or artifice to defraud,* knowingly and intentionally obtains or attempts to obtain money, property or any other thing of value by means of false or fraudulent pretenses, representations or promises is guilty of a felony punishable by imprisonment in the state prison for not more than twenty years, by a fine not to exceed twenty thousand dollars, or both." Added Laws 1976, Ch. 134, § 1, eff. June 27, 1976. (Emphasis added).

Appellant claims the statute is unconstitutionally void for vagueness. In particular, he contends that the words "scheme or artifice" are indefinite. We do not agree.

An offense must be defined in terms that men of average intelligence understand and the due process clause requires only that the law give sufficient warning that men may conform their conduct to its dictates. *State v. Bateman,* 113 Ariz. 107, 547 P.2d 6 (1976). We believe that a man of average intelligence would understand that a "scheme to defraud" is a plan or decision to defraud and that an "artifice to defraud" is an "evil or artful strategy to defraud". Hence, a "Scheme" or "artifice" to defraud is to form some plan, device or trick to perpetrate the fraud upon another. *United States v. Dexter,* 154 F. 890, 893, 896 (D.C.N.D.Iowa 1907).

Appellant mistakenly relies on *United States v. McNeive,* 536 F.2d 1245 (8th Cir. 1976) for the proposition that the Arizona statute is vague. *McNeive* involved a federal mail fraud statute which is similar in some respects to our statute. Contrary to appellant's assertion, the "lack of definite standards" mentioned in *McNeive* does not concern the meaning of the phrase, "scheme or artifice to defraud", but whether the word "property" as used in the federal statute includes intangible rights or interests such as intangible political and civil rights. We are not concerned with these intangible rights here and the statute clearly, definitely and unambiguously applies to appellant's conduct.

We affirm the judgment of conviction and the portion of the sentence as to imprisonment. The cause is remanded to clarify the sentence as to the amount of the fine actually imposed.

RICHMOND, C. J., and HATHAWAY, J., concur.