616 P.2d 914

**STATE of Arizona, Appellant,**

v.

**Howard WEINER, Appellee.**

**No. 1 CA–CR 4318.**

Court of Appeals of Arizona,
Division 1,
Department C.

June 10, 1980.

Rehearing Denied July 31, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Chief Counsel, Criminal Division, Philip J. MacDonnell and R. Jeffrey Woodburn, Asst. Attys. Gen., Phoenix, for appellant.

Charles Christakis, Phoenix, for appellee.

OPINION

JACOBSON, Judge.

Howard Weiner was indicted by the Maricopa County Grand Jury for 11 counts of "fraudulent schemes and artifices" in violation of A.R.S. § 13–320.01 and 11 counts of grand theft by false pretenses in violation of A.R.S. §§ 13–661(A)(3), 13–663(A)(1), and 13–671(A).[1] The charges were based on 11 separate sales of motor vehicles to 11 dif-

---

1. All references, unless otherwise indicated, are to statutory designations as they existed prior to the effective date of the new Arizona Criminal Code, October 1, 1978.

ferent victims occurring between May 8, 1977 and May 15, 1978. As to the grand theft by false pretenses counts, the indictment alleged that Weiner knowingly and designingly, by false or fraudulent representation or pretense, defrauded the victims of an amount in excess of $100.00 each by inducing them to purchase certain vehicles with "rolled back" odometers.

As to the counts alleging "fraudulent schemes and artifices," the indictment charged that Weiner knowingly and intentionally obtained or attempted to obtain money, property or things of value by means of false or fraudulent pretenses, representations, promises or omissions from the named victims, pursuant to a scheme or artifice to defraud. The fraudulent scheme or artifice was more particularly described by the indictment as follows: Weiner operated a business out of his home and out of automobile dealerships and other places located in Maricopa County, where he offered for sale and sold used vehicles to the victim–purchasers. He acquired the used vehicles both from dealerships and from private individuals. The victim–purchasers became aware of the used vehicles for sale either by advertisements placed by the defendant in the classified section of newspapers or by word of mouth from other individuals. When the victim–purchasers discussed the used vehicles with the defendant, he made various misrepresentations to them regarding his occupation, how he acquired the used vehicles, and the number and identities of the previous owners of the used vehicles. The defendant either affirmatively misrepresented the true mileage on the used vehicles to the victim–purchasers, stated that the mileage showing on the odometer was correct, or remained silent on that issue. The indictment further alleges that he intentionally offered for sale and sold the used vehicles to the victim–purchasers with an intent to defraud, knowing that the odometers on the used vehicles had been "rolled back," thus reflecting an untrue and smaller number of miles than had actually been driven on the used vehicles.

Weiner moved in the trial court to dismiss the indictment on the ground that the conduct described in the indictment was punishable under A.R.S. § 44–1223, entitled "Fraudulent Practices Relating to Motor Vehicle Odometers", as a misdemeanor, while both statutes which the state elected to prosecute under carried felony punishments. The legal argument in support of the motion was based on the proposition that where a "general" statute and a "specific" statute are in conflict, the "specific" statute governs. At the hearing held on this motion, the trial court expressed a concern that while the general public was usually aware of the misdemeanor odometer "roll–back" statutes, it had no notice that such conduct could also be the basis for a felony charge. The trial court granted the motion and quashed the indictment. We have jurisdiction over the state's appeal from the order quashing the indictment. A.R.S. §§ 13–4031, 13–4032, 13–4038.[2]

We must determine whether the trial court erred in dismissing the indictment because of its finding that A.R.S. § 44–1223 precludes prosecution under A.R.S. §§ 13–320.01 and 13–661 et seq. The misdemeanor odometer "rollback" statute in question states as follows:

§ 44–1223.

A. It is unlawful for any person to:

\* \* \* \* \* \*

4. Sell or offer to sell, with intent to defraud, a motor vehicle on which the odometer does not register the true mileage driven.

\* \* \* \* \* \*

C. A person who violates the provisions of this section shall be guilty of a misdemeanor.

The "fraudulent schemes and artifices" statute provides:

§ 13–320.01.

**2.** 1977 Ariz.Sess.Laws Ch. 142, §§ 161 and 162, eff. Oct. 1, 1978; 1978 Ariz.Sess.Laws Ch. 164, § 9, eff. Oct. 1, 1978.

Any person who, pursuant to a scheme or artifice to defraud, knowingly and intentionally obtains or attempts to obtain money, property or any other thing of value by means of false or fraudulent pretenses, representations or promises is guilty of a felony punishable by imprisonment in the state prison for not more than twenty years, by a fine not to exceed twenty thousand dollars, or both.

The statutes defining "grand theft by false pretenses" state as follows:

§ 13–661.

A. Theft is:

\* \* \* \* \* \*

3. Knowingly and designingly, by any false or fraudulent representation or pretense, defrauding any other person of money, labor or property, whether real or personal.

\* \* \* \* \* \*

§ 13–663.

A. "Grand theft" is:

1. Theft of money, labor or property of the value of more than [one hundred] dollars.

\* \* \* \* \* \*

§ 13–671.

A. Grand theft is a felony punishable by imprisonment in the state prison for not less than one nor more than ten years.

It is apparent that the conduct allegedly committed, as set forth in the indictment, falls within the prohibition of all three statutory schemes.

The defendant's "specific v. general" argument is based on *State v. Canez*, 118 Ariz. 187, 575 P.2d 817 (App.1977), which held that where a special statute deals with the same subject as a general statute, the special statute will control. Thus, when the facts of an offense found in a general statute parallel the acts proscribed by a specific statute, there cannot be a prosecution for violation of the general statute. In other words, the special statute will be regarded as an exception or qualification of the general one.

However, the principle that the specific law preempts the general law applies only where the specific conflicts with the general. This conflict arises only where the elements of proof essential to conviction under each statute are exactly the same. *State v. Darby*, 123 Ariz. 368, 599 P.2d 821 (App. 1979). Therefore if the two statutes do not contain the same elements, the legislature is presumed not to have precluded the state from prosecuting under either at the state's option. *State v. O'Brien*, 123 Ariz. 578, 601 P.2d 341 (App.1979).

Analyzing the three statutes, we conclude that each has elements unique to itself.

As noted, the misdemeanor statute, A.R.S. § 44–1223, has as its elements: (1) sell or offer to sell, (2) with intent to defraud, (3) a motor vehicle on which the odometer does not register the true mileage. This statute is limited by its terms to untrue odometer readings.

On the other hand, A.R.S. § 13–320.01 (fraudulent schemes and artifices) requires that the obtaining of the money must be accomplished by a scheme or artifice to defraud, that is, by "plan, device or trick to perpetrate the fraud upon another." *State v. Stewart*, 118 Ariz. 281, 283, 576 P.2d 140, 142 (App.1978). In the context of the indictment here, this plan or scheme could be shown by misrepresentations other than the "rolled back" odometer, such as prior ownership, the defendant's occupation, and how he acquired the vehicles. In short, the "scheme" may involve proof of something other than merely an untrue odometer.

As to A.R.S. § 13–661, an element of proof necessary to convict under this statute, which is lacking in both A.R.S. § 44–1223 and A.R.S. § 13–320.01, is that there must be reliance by the victim on the false representation. *State v. Brown*, 97 Ariz. 310, 400 P.2d 111 (1965). Based upon the lack of identical elements of proof in these three statutes we find no conflict between them.

Moreover, the viability of the specific versus the general dichotomy and cases based upon that premise has been called into seri-

ous question by the recent United States Supreme Court decision in *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). In *Batchelder*, the defendant was convicted and sentenced under a federal statute prohibiting a previously convicted felon from receiving a firearm that has traveled in interstate commerce (18 U.S.C. § 922(h)). This statute carried a five year maximum penalty. The Circuit Court of Appeals reversed the sentence on the basis that the substantive elements of § 922(h) were identical, as applied to a convicted felon who receives a firearm, with 18 U.S.C. App. § 1202(a) which carries only a two year maximum penalty. The Court of Appeals relied upon three theories: (1) ambiguity existed between § 922(h) and § 1202(a) and that ambiguity must be resolved against the state; (2) § 1202(a) impliedly repealed § 922(h); and (3) to allow prosecution under the harsher of the two statutes created a denial of equal protection and due process.

In rejecting the ambiguity argument, the Supreme Court noted:

> Respondent unquestionably violated § 922(h), and § 924(a) unquestionably permits five years' imprisonment for such a violation. That § 1202(a) provides different penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language.

442 U.S. at 101, 99 S.Ct. at 2203, 60 L.Ed.2d at 763.

As to the implied repeal theory, the Court noted that implied repeal does not exist simply because "two statutes produce differing results when applied to the same factual situation." Rather, there must exist "positive repugnancy" between the two. The Court found no such repugnancy to exist. We reach the same conclusion as to the statutes involved here.

On a constitutional due process basis, the Court found that simply because two statutes covering the same conduct coexist does not make them vague for lack of notice, a concern expressed by the trial court here. The Court stated:

> That this particular conduct may violate both [statutes] does not detract from the notice afforded by each. Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments. So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied.

442 U.S. at 123, 99 S.Ct. at 2204, 60 L.Ed.2d at 764.

As to an equal protection argument that allowing the prosecutor to choose which of two statutes will form the basis of the prosecution results in "unfettered discretion," the Court held:

> More importantly, there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces on the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact standing alone does not give rise to a violation of the Equal Protection or Due Process Clauses.

442 U.S. 125, 99 S.Ct. at 2205, 60 L.Ed.2d at 765.

In our opinion, *United States v. Batchelder* answers any other argument advanced by Weiner in support of the trial court's action.

The order of the superior court quashing the indictment is reversed and the matter remanded with directions to reinstate the indictment.

CONTRERAS, P. J., and OGG, C. J., concur.