629 P.2d 98

The STATE of Arizona, Appellee,

v.

Gary Dwayne SWANTON, Appellant.

No. 2 CA–CR 2228–2.

Court of Appeals of Arizona,
Division 2.

April 2, 1981.

Rehearing Denied May 11, 1981.

Review Denied June 2, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

OPINION

HOWARD, Judge.

Are the statutes governing the possession of "nunchakus" unconstitutionally vague? We hold that they are not and affirm.

Appellant was arrested after the police found a "nunchaku" under the front seat of his vehicle. He was found guilty by the trial court, sitting without a jury, and placed on probation.

A.R.S. Sec. 13–3102(A)(3) makes it a crime to possess "a prohibited weapon" which includes, under Sec. 13–3101(6)(e) any:

"Instrument, including a nunchaku, that consists of two or more sticks, clubs, bars, or rods to be used as handles, connected by a rope, cord, wire or chain, in the

design of a weapon used in connection with a practice of a system of self-defense."

A.R.S. Sec. 13–3102(H) provides:

"Subsection A, paragraph 3 of this section shall not apply to a weapon described in Section 13–3101, *paragraph 5, subdivision (f)*, if such weapon is possessed for the purposes of preparing for, conducting or participating in lawful exhibitions, demonstrations, contests or athletic events involving the use of such weapon." (emphasis added)

There is a discrepancy in the foregoing statute since there is no paragraph 5, subdivision (f) in A.R.S. Sec. 13–3101. The 1980 Revisor's Note states that the reference probably should be to paragraph 6, subdivision (e). We believe this note is correct; from the context of A.R.S. Sec. 13–3102(H) and A.R.S. Sec. 13–3101, it is obvious that the reference is to paragraph 6, subdivision (e).

 Appellant contends that the phrase "... *lawful* exhibitions, demonstrations, contests or athletic events, ..." (emphasis added) is vague and that this makes A.R.S. Sec. 13–3101(6)(e) void, because it would require the defendant to make a search of all the Arizona statutes to determine whether the exhibition, demonstration, contest, or athletic event was lawful. We are unable to agree. An offense must be defined in terms that people of average intelligence understand and the due process clause requires only that the law give sufficient warning that people may conform their conduct to its dictates. *State v. Stewart*, 118 Ariz. 281, 283, 576 P.2d 140, 142 (App.1978). The phrase at issue means that the use of nunchakus in the peaceful practice of the martial arts or the possession for such use is not a crime and that is what people of ordinary intelligence would understand the statute to mean.

Appellant also contends that he has a constitutional right to possess and carry nunchakus guaranteed by the Second Amendment to the United States Constitution and Art. 2, Sec. 26 of the Arizona Constitution, concerning the right to bear arms. We do not agree. The guarantee of the Second Amendment to the United States Constitution is not carried over into the 14th Amendment so as to apply to the states. *Harris v. State*, 83 Nev. 404, 432 P.2d 929 (1967).

With respect to our state constitution, the term "arms" as used means such arms as are recognized in civilized warfare and not those used by a ruffian, brawler or assassin. Cf. *Ex parte Thomas*, 1 Okla.Cr. 210, 97 P. 260 (1908); *Strickland v. State*, 137 Ga. 1, 72 S.E. 260 (1911); *Fife v. State*, 31 Ark. 455, 25 Am.Rpts. 556 (1876); *State v. Kerner*, 107 S.E. 222, 181 N.C. 574 (1921). We hold that nunchakus are not "arms" within the meaning of our constitution.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.