IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee,*

*v.*

GLENN LEO GAGNON,
*Appellant.*

No. 2 CA-CR 2014-0118
Filed December 3, 2014

---

Appeal from the Superior Court in Pima County
No. CR20120776001
The Honorable Casey F. McGinley, Judge Pro Tempore

**AFFIRMED**

---

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Alan L. Amann, Assistant Attorney General, Tucson
*Counsel for Appellee*

Lori J. Lefferts, Pima County Public Defender
By Lisa M. Hise, Assistant Public Defender, Tucson
*Counsel for Appellant*

---

**OPINION**

Judge Vásquez authored the opinion of the Court, in which Presiding Judge Kelly and Judge Howard concurred.

_____

V Á S Q U E Z, Judge:

¶1          After a jury trial, Glen Gagnon was convicted of trafficking in stolen property and the trial court sentenced him to a presumptive prison term of 6.5 years.  On appeal, Gagnon argues the court erred by denying his motion to dismiss the trafficking charge because a more recent and specific statute, A.R.S. § 44-1630, involving false representations in pawn transactions, applies.  For the reasons that follow, we affirm.

**Factual and Procedural Background**

¶2          We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining Gagnon's conviction.  *See State v. Haight-Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App. 2008).  In January 2012, Gagnon called his former co-worker, J.H., because Gagnon's "credit card had been stolen, and . . . he needed a place to stay in town for a couple days to straighten out the situation with the bank."  Gagnon stayed with J.H. for two nights.  When J.H. returned from work on the third day, he noticed several of his son's video games and a video game console were missing and called the police.

¶3          Later that month, a detective from the Pima County Sheriff's Department called J.H. to a pawn shop, where they had found the missing console and most of the games.  An employee of the pawn shop gave the detective a copy of the ticket generated when Gagnon had dropped off the items.  The ticket included the following certification:

> All information in this report is complete and accurate.  I am the owner of the goods described in this report or I am authorized to enter into this pawn or sales transaction on behalf of the owner of the goods described in this report.  I understand that I will be guilty of a class 1 misdemeanor if the information in this

> report is not complete and accurate, if I am
> not the owner of the goods pledged or sold
> or if I am not authorized to enter into the
> pawn or sale transaction on behalf of the
> owner of the goods.

Gagnon had signed his name and provided his fingerprint on the ticket.

¶4        Gagnon was indicted for second-degree trafficking in stolen property.  Before trial, he filed a motion to dismiss.  He argued his conduct amounted to making a false representation during a pawn transaction pursuant to § 44-1630, a misdemeanor.  He further argued § 44-1630 conflicts with the trafficking statute and, therefore, the legislature must have "intended for a less serious offense where stolen property is the subject of a pawn transaction."  The trial court denied the motion.

¶5        The jury found Gagnon guilty and the trial court sentenced him as described above.  This appeal followed.[1]  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## Discussion

¶6        Gagnon argues the trial court erred by denying his motion to dismiss because "a more specific statute applied" to his conduct.  "We review a trial court's denial of a motion to dismiss for an abuse of discretion but, to the extent it presents a question of

---

[1]"[D]ue to clerical error," Gagnon failed to timely file a notice of appeal after entry of the judgment and sentence.  Nevertheless, the trial court granted his motion for a delayed appeal.  *See* Ariz. R. Crim. P. 32.1(f).  Thus, we have jurisdiction.  *See State v. Rosales*, 205 Ariz. 86, ¶ 10, 66 P.3d 1263, 1266 (App. 2003) (Rule 32.1(f) "provides a procedural mechanism whereby a defendant who has failed to appeal through no fault of his or her own can obtain jurisdiction in this court."); *cf. State v. Scott*, 186 Ariz. 503, 504, 924 P.2d 507, 508 (App. 1996) (explaining basis for appellate jurisdiction).

statutory interpretation, our review is de novo." *State v. Villegas*, 227 Ariz. 344, ¶ 2, 258 P.3d 162, 163 (App. 2011).

¶7 When there is conflict between two statutes, the more recent, specific statute normally controls over the older, more general statute. *See State v. Johnson*, 195 Ariz. 553, ¶ 8, 991 P.2d 256, 258 (App. 1999); *State v. Canez*, 118 Ariz. 187, 190-91, 575 P.2d 817, 820-21 (App. 1977). In effect, the specific statute creates "an exception or qualification" to the general statute. *State v. Weiner*, 126 Ariz. 454, 456, 616 P.2d 914, 916 (App. 1980). But this principle applies only when two statutes actually conflict. *See id.*; *State v. Keener*, 206 Ariz. 29, ¶ 13, 75 P.3d 119, 122 (App. 2003). A conflict arises when "the elements of proof essential to find guilt under [the specific statute] are . . . identical to the elements of proof essential to find guilt under the [general statute]." *State v. Far W. Water & Sewer Inc.*, 224 Ariz. 173, ¶ 21, 228 P.3d 909, 920 (App. 2010).

¶8 Section 13-2307(A), A.R.S., states, "[a] person who recklessly traffics in the property of another that has been stolen is guilty of trafficking in stolen property in the second degree." *See also* § 13-2307(C) (class three felony); 1977 Ariz. Sess. Laws, ch. 142, § 82; 1978 Ariz. Sess. Laws, ch. 201, § 154. In contrast, § 44-1630 states:

> A person who gives false information or provides false representation as to the person's true identity or as to the person's ownership interest in property in order to receive monies or other valuable consideration from a pawnbroker, second hand dealer, scrap metal dealer or dealer in precious metals and who receives monies or other valuable consideration from a pawnbroker, second hand dealer, scrap metal dealer or dealer in precious metals is guilty of false representation.

*See also* A.R.S. § 44-1631(B) (class one misdemeanor); 1994 Ariz. Sess. Laws, ch. 230, § 10.

**¶9** These statutes do not conflict. Section 13-2307(A) criminalizes the act of disposing of stolen property and can apply under a broad set of circumstances.[2] Here, J.H. was the victim of that offense. In contrast, § 44-1630 focuses on the act of providing false information to a "pawnbroker, second hand dealer, scrap metal dealer or dealer in precious metals," such as when Gagnon signed the pawn ticket in this case. *See* A.R.S. §§ 44-1621 through 44-1632 (regulating pawnbrokers). In addition, the state must prove reckless conduct pursuant to § 13-2307(A), whereas § 44-1630 defines a strict-liability offense. *See* § 44-1631 (classifying pawn-shop offenses and indicating which carry scienter requirements); *State v. Slayton*, 214 Ariz. 511, ¶ 10, 154 P.3d 1057, 1060 (App. 2007) (describing strict–liability, regulatory offenses). Thus, there is no indication the legislature intended § 44-1630 to preempt § 13-2307(A) where stolen property is sold in a pawn transaction. *See Weiner*, 126 Ariz. at 456, 616 P.2d at 916.

**¶10** Moreover, the decision to charge and prosecute Gagnon under § 13-2307(A) or § 44-1630 was within the prosecutor's sound discretion. *See State v. Tsosie*, 171 Ariz. 683, 685, 832 P.2d 700, 702 (App. 1992). When a defendant can be prosecuted under two separate statutes for the same conduct, "the prosecutor has the discretion to determine which statute to apply," *State v. Lopez*, 174 Ariz. 131, 143, 847 P.2d 1078, 1090 (1992), so long as that election does not discriminate against a particular class of defendants, *State v. Johnson*, 143 Ariz. 318, 321, 693 P.2d 973, 976 (App. 1984). Gagnon has presented no such evidence here. We thus find no error in his prosecution for trafficking in stolen property in the second degree. *See Villegas*, 227 Ariz. 344, ¶ 2, 258 P.3d at 163.

---

[2] "Traffic" is defined in A.R.S. § 13-2301(B)(3) as "to sell, transfer, distribute, dispense or otherwise dispose of stolen property to another person, or to buy, receive, possess or obtain control of stolen property, with the intent to sell, transfer, distribute, dispense or otherwise dispose of the property to another person."

## Disposition

¶11      For the foregoing reasons, we affirm Gagnon's conviction and sentence.