ECKERSTROM, Chief Judge:
¶ 1 Robert Chandler appeals from his convictions and sentences for three counts of sexual exploitation of a minor. For the following reasons, we affirm.
Factual and Procedural Background
¶ 2 In October 2015, Chandler set up a hidden camera to record his teenage daughters, S.C. and L.C., while they were in the bathroom. The sisters became suspicious, inspected the bathroom, and found a camera hidden in a flower vase. S.C. removed the camera's memory card and brought it to school. She told her teacher about the memory card, and law enforcement was contacted. Although the memory card was corrupted and could not be read, a detective found three videos of S.C. and L.C. using the toilet, bathing, and shaving their genitals on Chandler's computer hard drive. He was convicted as described above and sentenced to enhanced, *1111 presumptive consecutive prison terms totaling 26.25 years, to be followed by lifetime probation.
¶ 3 At the close of evidence, Chandler moved for judgment of acquittal pursuant to Rule 20, Ariz. R. Crim. P. The trial court denied his motion. On appeal, he claims the evidence was insufficient to find him guilty of sexual exploitation of a minor because that statute requires that the minor be engaged in sexual conduct, whereas he filmed his daughters engaging in conduct that was not sexual in nature. Sufficiency of the evidence is a question of law, which we review de novo. See State v. West , 226 Ariz. 559, ¶ 15, 250 P.3d 1188 (2011). The interpretation of a statute is likewise subject to de novo review. See State v. Skiba , 199 Ariz. 539, ¶ 7, 19 P.3d 1255 (App. 2001).
¶ 4 Sexual exploitation of a minor, as relevant here, entails "[r]ecording, filming, photographing, developing or duplicating any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." A.R.S. § 13-3553(A)(1). "Exploitive exhibition" is defined as "the actual or simulated exhibition of the genitals or pubic or rectal areas of any person for the purpose of sexual stimulation of the viewer." A.R.S. § 13-3551(5). "When interpreting a statute, we look to the plain language of the statute as the best indicator of the drafter's intent." State v. Pledger , 236 Ariz. 469, ¶ 8, 341 P.3d 511 (App. 2015). But if a statute is ambiguous, we may look to "factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose." State v. Givens , 206 Ariz. 186, ¶ 6, 76 P.3d 457 (App. 2003), quoting Zamora v. Reinstein , 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).
¶ 5 Chandler's interpretation of the statute rests on two premises: first, that the expression "exploitive exhibition or other sexual conduct" means that exploitive exhibition is intended to be a type of sexual conduct, and second, that "for the purpose of sexual stimulation of the viewer" means that the minor must be acting with the purpose of stimulating the viewer. To the extent the statute may be ambiguous, the relevant legislative history clarifies the legislature's intent.
¶ 6 In 1994, this court decided State v. Gates , in which we interpreted the prior version of the sexual exploitation statute, which criminalized photographing a minor engaged in sexual conduct. 182 Ariz. 459, 462, 897 P.2d 1345, 1348 (App. 1994). Sexual conduct was defined, in relevant part, as "[l]ewd exhibition of the genitals, pubic or rectal areas." Id. We concluded that this statute required that the minors being photographed "be the ones who are engaged ... in the lewd exhibition of their genitals, pubic or rectal areas," and that whether or not a display was lewd necessarily focused on the intent of the minor, rather than the intent of the defendant. Id. at 462-63, 897 P.2d at 1348-49. Shortly thereafter, the legislature amended §§ 13-3551 and 13-3553. 1996 Ariz. Sess. Laws, ch. 112, §§ 1, 3. Section 13-3553 was amended to include photographing a minor engaged in exploitive exhibition, and § 13-3551 was amended to include the definition of exploitive exhibition. 1996 Ariz. Sess. Laws, ch. 112, §§ 1, 3. The legislature removed the subsection defining "sexual conduct," in part, as "[l]ewd exhibition of the genitals, pubic or rectal areas of any person." 1996 Ariz. Sess. Laws, ch. 112, § 1.
¶ 7 We "presum[e] the legislature is aware of existing case law when it passes a statute," State v. Pennington , 149 Ariz. 167, 168, 717 P.2d 471, 472 (App. 1985), and we further presume that when the legislature amends a statute, it intended to change the existing law. State v. Fell , 209 Ariz. 77, ¶ 14, 97 P.3d 902 (App. 2004). Moreover, when it amended §§ 13-3551 and 13-3553, the legislature explicitly stated its intent to change the result of Gates . See Ariz. State S., Fact Sheet for S.B. 1050, 42nd Leg., 2d Reg. Sess. (Jan. 12, 1996); Ariz. State S., Minutes of Comm. on Judiciary, 42nd Leg., 2d Reg. Sess. (Jan. 16, 1996). Indeed, the purpose of the amendment was described as "provid[ing] that sexual exploitation of a minor ... does not require a lewd exhibition of the minor's private areas." Ariz. State S., Fact Sheet for S.B. 1050. Given the legislature's expressed intent to change the outcome of Gates , we conclude that the provision "for *1112 the purpose of sexual stimulation of the viewer" means that the viewer intends the photograph be used for sexual stimulation, rather than that the minor intends to sexually stimulate the viewer. A.R.S. § 13-3551(5).
¶ 8 Interpreting the statute in this manner will not lead to criminalization of innocent pictures or videos in which a child happens to be nude. The state is still required to prove that the photographer took the picture for the purpose of "sexual stimulation." A.R.S. § 13-3551(5). Nor is there any suggestion in this case that the videos of the girls were taken for any innocent purpose. Indeed, Chandler admitted to thinking about masturbating while watching these videos.
¶ 9 As Chandler notes, the legislature could have decided to punish more harshly those who force children to assume sexually explicit positions than those who merely photograph children while they happen to be nude. But that is a policy determination that is left to the legislature, not the courts. See State v. Eminowicz , 21 Ariz. App. 417, 418-19, 520 P.2d 330, 331-32 (1974). Chandler's argument that this conduct was more appropriately considered surreptitious photography also fails. Nothing in the statute requires that the minor be aware of the photography. A.R.S. § 13-3553(A)(1). When conduct could be prosecuted under two different statutes, a prosecutor has discretion to decide which one to apply. See State v. Gagnon , 236 Ariz. 334, ¶ 10, 340 P.3d 413 (App. 2014).
¶ 10 Because we conclude the trial court did not err in determining that § 13-3553 does not require that a minor be either engaged in conduct of a sexual nature or displaying genitals with the purpose of sexually stimulating a viewer, we likewise conclude it did not err in denying Chandler's Rule 20 motion for judgment of acquittal. Chandler's convictions and sentences are affirmed.