NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HOLBROOK HEALTH CENTER, LLC, et al., *Plaintiffs/Appellants*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0520
FILED 5-23-2023

Appeal from the Superior Court in Maricopa County
No. CV2021-018275
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Wilenchik & Bartness P.C., Phoenix
By Dennis I. Wilenchik, Ross P. Meyer
*Counsel for Plaintiffs/Appellants*

Sherman & Howard, L.L.C., Phoenix
By Gregory W. Falls, Matthew A. Hesketh, Jake Tyler Rapp
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Anni Hill Foster joined.

---

**T H U M M A**, Judge:

¶1        Plaintiffs Williams Health Center, LLC and Holbrook Health Center, LLC challenge an order dismissing their claims against defendants State of Arizona, the Arizona Department of Health Services and Arizona Department of Health Services Director Don Herrington. Because the plaintiff health centers have shown no error, the order is affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        The Arizona Medical Marijuana Act (AMMA), a voter enacted initiative, "establishe[d] conditions allowing medicinal use of marijuana" in Arizona. *State v. Okun*, 231 Ariz. 462, 464 ¶ 4 (App. 2013). To implement and administer the AMMA, the Department was tasked with adopting and enforcing "a regulatory system for the distribution of marijuana for medical use." *State v. Matlock*, 237 Ariz. 331, 336 ¶ 20 (App. 2015) (citation omitted). The AMMA allows for marijuana to be distributed through "[n]onprofit medical marijuana dispensar[ies]." Ariz. Rev. Stat. (A.R.S.) § 36-2801(12) (2023).[1] To operate a dispensary, a nonprofit entity must receive a certificate from the Department. A.R.S. § 36-2804. The AMMA restricts the number of certificates available to one for every ten qualified pharmacies in Arizona, also ensuring that each county has at least one dispensary. A.R.S. § 36-2804(C).

¶3        Two statutes pertinent to this appeal give the Department rulemaking authority. *See* A.R.S. §§ 36-136(G) and -2803. More than a decade ago, the Department promulgated rules to govern the application process. Ariz. Admin. Code (A.A.C.) R9-17-301 to -324. The rules provide the Department will conduct an annual review to determine whether it can issue additional certificates. A.A.C. R9-17-303(A) (Rule 303). If the Department determines that it can issue additional certificates, it provides public notice and opens an application period. A.A.C. R9-17-303(A)(1). An

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

application received outside the application period is returned to the applicant, along with the application fee, and no further action is taken. A.A.C. R9-17-303(F).

¶4            Until recently, the last application period the Department opened was in 2016. In 2020, the Arizona Supreme Court explained that "[i]f, based on the annual review, [the Department] determines it may issue more certificates, it will open the application process." *Saguaro Healing LLC v. State*, 249 Ariz. 362, 366 ¶ 20 (2020). *Saguaro Healing* noted that the Department was required to "open the application process, under two distinct circumstances: (1) if the allocation of dispensary certificates is below the one-in-ten ratio *or* (2) a county does not have a dispensary." *Id.* at 366 ¶ 22 (emphasis added).

¶5            The plaintiff health centers are Arizona non-profit entities formed for the sole purpose of obtaining a dispensary certificate. In December 2020, the health centers sought to open dispensaries in Williams and Holbrook and submitted applications for certificates to the Department. At that time, the ratio of dispensaries to pharmacies was less than the statutorily allowed 1:10. Also at that time, five Arizona counties did not have dispensaries. The Department refused both applications and returned them and the application fees to the health centers, noting they had not been submitted during an application period.

¶6            In November 2021, the health centers filed this action seeking a declaration, among other things, that the Department must immediately open an application period any time a county does not have a dispensary or the number of dispensaries falls below the 1:10 ratio. The health centers also sought a declaration that the Department must accept and consider an application submitted during such a situation. The health centers sought mandamus relief compelling the Department to accept and process their applications as though they had been accepted when submitted in December 2020.

¶7            The Department moved to dismiss for failure to state a claim, arguing that the declaratory relief sought was not available. The Department argued that Rule 303 required an annual review and authorized the rejection of applications submitted outside application periods, adding that it was not required to open an application period any time a certificate could be issued. The Department also argued that mandamus relief was not appropriate because the application process was not a "purely ministerial duty." *See Ponderosa Fire Dist. v. Coconino Cnty.*, 235 Ariz. 597, 601 ¶ 19 (App. 2014) ("An action for mandamus 'does not lie

if the public officer is not specifically required by law to perform the act.' A mandamus action may only be brought if the statutory duty imposed on the public official or board is purely 'ministerial.'") (citations omitted). The health centers countered that Rule 303 was contrary to the authority granted to the Department under A.R.S. § 36-2803, and the Department's actions were contrary to *Saguaro Healing*, which required the relief sought.

**¶8**  After oral argument and taking the matter under advisement, the court granted the Department's motion to dismiss, concluding that the health centers had not shown Rule 303 was contrary to the authority granted the Department and that *Saguaro Healing* did not "mandate[] the issuance of [certificates] 'at any time.'" The court also found that the allocation of certificates involved discretionary "investigation, judgment, and regulatory conduct" that were not subject to mandamus relief. Additionally, the court noted that the Department was not statutorily mandated to accept untimely applications, which also supported denying the health centers' requested mandamus relief.

**¶9**  The health centers timely filed a notice of appeal. This court has appellate jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶10**  The health centers argue that the AMMA does not authorize the Department to promulgate rules that limit when applications for certificates are accepted and therefore Rule 303 exceeds the Department's statutory authority. Based on this argument, the health centers also argue that the superior court erred in dismissing their complaint for failure to state a claim upon which relief can be granted. The court addresses these arguments in turn.

**¶11**  In reviewing the grant of a motion to dismiss for failure to state a claim, this court assumes the truth of all well-pleaded facts alleged in the compliant. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4 (1998). To prevail on a motion to dismiss for failure to state a claim, the moving party must establish that the claimant would not be entitled to relief under any set of facts susceptible of proof. *Id.* This court reviews de novo an order dismissing a complaint for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012).

4

¶12 A recent opinion, addressing similar issues for entities seeking dispensary certificates in "open" counties, concluded the Department had the authority to promulgate Rule 303. *See Joshua Tree Health Ctr., LLC v. State*, --- Ariz. ---, --- (App. 2023). The analysis in *Joshua Tree* applies with equal force here.

## I. The Department Did Not Exceed Its Statutory Authority in Promulgating Rule 303.

¶13 "'[T]he scope of an agency's power is measured by statute and may not be expanded by agency fiat.'" *Saguaro Healing*, 249 Ariz. at 365 ¶ 19 (citation omitted). It is undisputed that two applicable statutes give the department rulemaking authority in this case. Applied here, the Department has broad statutory authority to "make and amend rules necessary for the proper administration and enforcement of the laws relating to the public health." A.R.S. § 36-136(G). Rule 303 establishes the process of allocating dispensary certificates by implementing an annual review to determine whether additional certificates can be granted. A.A.C. R9-17-303(A). The health centers have not shown how the Department's promulgation of Rule 303 falls outside this broad grant of authority.

¶14 The health centers argue that the Department's authority is limited to only one grant of rulemaking authority found in A.R.S. § 36-2803. Although a specific provision can control over a general provision, the "principle applies only when two statutes actually conflict." *State v. Gagnon*, 236 Ariz. 334, 336 ¶ 7 (App. 2014). In this case, A.R.S. § 36-2803 does not conflict with the broader provision because § 36-2803 directs specific rules that the Department must promulgate. *See* A.R.S. § 36-2803(A) ("[t]he department shall adopt rules . . ."). Section 36-2803 does not, however, restrict the Department's rulemaking authority to the topics listed in it. *See also Ban v. Quigley*, 168 Ariz. 196, 198 (App. 1990) (this court should "construe provisions to harmonize rather than contradict one another"). The health centers also cite A.R.S. § 36-2802(E), and the definition for "Medical use" in A.R.S. § 36-2801(11), to argue that the Department is only "authorized under this chapter" to promulgate rules relating to marijuana use. However, the "Medical use" provision in Section 36-2801(11) establishes limits to those using marijuana, not on the Department's rulemaking authority in accepting and considering dispensary certificates.

¶15 As the superior court found, *Saguaro Health* does not require the Department to disregard Rule 303 and accept applications "at any time." In *Saguaro Health*, during an open application period, one county lost its one dispensary and the court was tasked with deciding whether the

statute required the Department to fill the opening. 249 Ariz. at 363–64 ¶¶ 4–8. The court concluded that, "during the annual review," the Department was required to open the application process when a county is without a dispensary or the ratio of dispensaries to registered pharmacies is less than 1:10.[2] *Id.* at 366 ¶ 20 n.3. In concluding Rule 303 contemplated doing so annually, not daily as the health centers argue here, *Saguaro Health* concluded that "in its current form, [Rule 303] does not conflict with [the statute]." *Id.* at 365 ¶ 20. Nor did *Saguaro Health* suggest that the Department exceeded its authority in creating Rule 303. Therefore, the health centers have not shown that the Department exceeded its rulemaking authority under A.R.S. § 36-136(G) in promulgating Rule 303.

## II.   The Superior Court Properly Dismissed the Complaint.

**¶16**        Because Rule 303 is proper, the court properly dismissed the health centers' request for declaratory judgment striking Rule 303. The health centers also sought a writ of mandamus compelling the Department to accept their applications as though they had been accepted when tendered and determine whether they complied with A.R.S. § 36-2804(B). The court did not err in rejecting that claim for relief.

**¶17**        "Mandamus is an extraordinary remedy issued by a court to compel a public officer to perform an act which the law specifically imposes as a duty." *Sears v. Hull*, 192 Ariz. 65, 68 ¶ 11 (1998) (citation omitted); *see also* A.R.S. § 12-2021. Mandamus is only appropriate "if the statutory duty imposed on the public official or board is purely 'ministerial.'" *Ponderosa Fire Dist.*, 235 Ariz. at 601 ¶ 19 (citation omitted). "A ministerial duty is one that specifically describes the manner of performance and 'leaves nothing to the discretion' of the public official or board." *Id.* at 601–02 ¶ 19 (citation omitted).

**¶18**        As explained, the AMMA does not impose a duty on the Department to accept applications at any time. Moreover, Rule 303 requires the Department to reject and return applications that are received outside an open application period. A.A.C. R9-17-303(F). Therefore, the health centers have not shown they are entitled to mandamus relief. *See Ponderosa Fire Dist.*, 235 Ariz. at 601 ¶ 19 ("An action for mandamus does not lie if the public officer is not specifically required by law to perform the act.")

---

[2] Unlike the provision ensuring at least one dispensary in a county addressed in *Saguaro Health*, A.R.S. § 36-2804(C) does not have a requirement ensuring there is one dispensary for every ten qualified pharmacies.

(citation omitted). Accordingly, the superior court did not err in dismissing their complaint.

## CONCLUSION

¶19      The superior court's decision is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA